GIBSON (CLAGETT v.). See Case No. 2,-778.

## Case No. 5,393.

### GIBSON v. COOK.

[2 Blatchf. 144;[1] 1 Fish. Pat. Rep. 415.]

Circuit Court, N. D. New York. Nov. 21, 1850.

PATENTS—ASSIGNEE—EXTENSION—RECORDING ASSIGNMENTS.

1. To enable an assignee of a patent to derive any benefit from a subsequent extension of the patent by act of congress, there must be an express provision in the assignment looking to such renewal.

[Cited in Hodge v. Hudson River R. Co., Case No. 6,559; Jenkins v. Nicolson Pavement Co., Id. 7,273.]

2. Under section 11 of the patent act of July 4, 1836 (5 Stat. 121), the assignment of an exclusive right in the patent within a given territory must not only be in writing, but must be recorded within three months after its execution, to defeat the title of a subsequent purchaser without notice and for a valuable consideration.

[Cited in Perry v. Corning, Case No. 11,004; American Solid Leather Button Co. v. Empire State Nail Co., 47 Fed. 743; Empire State Nail Co. v. Faulkner, 55 Fed. 822.]

3. Within the three months, an unrecorded prior assignment would prevail; but it must be an assignment in writing, that may be recorded within the time limited.

[Cited in Perry v. Corning, Case No. 11,004.]

4. An interest in a grant of a future term of a patent not yet in esse, is not the subject of assignment at common law, or within the sense of section 11 of the act of July 4, 1836, and the right to such an interest, when stipulated for, rests only in contract.

5. As between the right of a person holding a contract for such an interest, and the right of a bona fide purchaser, for a valuable consideration and without notice, of the same interest in the future term, after its grant, the latter must prevail.

6. The party setting up such a contract by way of equitable defence to the legal title to the same interest, must deny that the plaintiff is a bona fide purchaser for a valuable consideration without notice, and must assume the burthen of impeaching the legal title.

[Cited in Woodworth v. Cook, Case No. 18,-011.]

This was an application [by John Gibson] for a provisional injunction against the defendant [William W. Cook] for an alleged infringement of the Woodworth patent, in using six Woodworth machines, without license, since the 27th of December, 1849. The plaintiff was the assignee of the re-issued patent of July 8th, 1845, for the congressional extension of seven years from the 27th of December, 1849 (see Wilson v. Rousseau, 4 How. [45 U. S.] 646), for the county of Washington, New York, within which the alleged infringement took place. The patentee's rights to the territory in question were assigned by him to James G. Wilson, on the 9th of July, 1845,

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

and by Wilson to the plaintiff, on the 12th of November, 1846.

In opposition to the motion, the defendant relied upon an assignment or license to him from the patentee, William W. Woodworth, administrator, &c., executed on the 4th of July, 1843, by which he was authorized to construct and use six Woodworth machines in the county of Washington. The question in the case involved the operation and effect of this license.

The license was given during the running of the seven years' extension of the patent, granted under the 18th section of the patent act of July 4th, 1836 [supra], and which prolonged its term from December 27th, 1842, to December 27th, 1849. See Wilson v. Rousseau, 4 How. [45 U. S.] 646. The license recited the issuing of the original patent, and its extension for seven years from the 27th of December, 1842, and then, in apt and proper words, granted to the defendant and his assigns the right to construct and use, during the said extension, six planing machines in the said county of Washington, but in no other place within the United States or their territories. It authorized him and his assigns to prosecute parties guilty of an infringement by constructing or using the Woodworth machine within the assigned territory; and mutual stipulations followed, by which Woodworth vested the defendant with an exclusive right to construct and use the six machines, during the term aforesaid, and the defendant bound himself not to exceed that number. The license wound up with the following provision: "It is understood that the said Cook has all the rights I have in the county of Washington, under said patent, to use six machines, and no more."

Besides the question arising on the face of the license, the defendant set up that there was a mistake in not inserting in the license a provision looking to a further extension of the patent by act of congress, the parties having actually agreed that the assignee should have the benefit of any such further extension. The facts in relation to this point sufficiently appear from the opinion of the court.

Azor Taber and Rodman L. Joice, for plaintiff.

Samuel Stevens, for defendant.

NELSON, Circuit Justice. It is quite obvious, from a perusal of the provisions of the written instrument of the 4th of July, 1843, under which the defendant derived his right to use the machines in question, that the position taken in opposition to the motion for an injunction has no foundation in that instrument. That, in express words, limits the grant to the period of the extended term then running, which was all the right that belonged to Woodworth at the time within the given territory. Even the additional or contingent right of extension under the 18th section of the act of 1836, no longer remained, as but one extension is provided for by that

section. The possibility of a renewal of the patent by act of congress existed; but, for the purpose of enabling the assignee to derive any benefit in that event, an express provision should have been inserted in the grant or assignment, looking to such a renewal. Wilson v. Rousseau, 4 How. [45 U. S.] 646, 685, 686. Unless there be such a stipulation, showing that a renewal was contemplated, the court is bound to construe the instrument, and each and all of its provisions, as relating to the existing right in respect to which the parties were contracting with one another. This is the natural presumption, arising from the usual and ordinary course of dealing, and should govern in the construction of the contract, unless it is otherwise clearly expressed.

Assuming, however, that the written instrument imports no grant of a right to the use of the machines beyond the extended term, still the defendant insists that such was the actual agreement and understanding of the parties; that the omission to insert the stipulation arose out of a mistake or misapprehension of the purport of the instrument; that he is entitled to have it reformed and a clause to the effect claimed inserted, so that he may be protected in the enjoyment of the right during the term as renewed by act of congress; and that, being entitled to the relief in equity, on a direct application for that purpose, it is competent for him to set up this ground by way of equitable defence to the motion for an injunction. Hunt v. Rousmaniere, 8 Wheat. [21 U. S.] 174; Joynes v. Statham, 3 Atk. 388; Garrard v. Grinling, 2 Swanst. 244; Clark v. Grant, 14 Ves. 519; Gillespie v. Moon, 2 Johns. Ch. 585, 598; Clowes v. Higginson, 1 Ves. & B. 524; 1 Story, Eq. Jur. § 161; Newl. Cont. 344.

Upon this view of the law, the defendant has produced his own affidavit, and another by Mr. Boyd, who was present when the contract was made with Woodworth for the use of the six machines, and was consulted in respect to it, going to show that it was the understanding of the parties at the time, that the defendant's right to the use of the machines was to continue, notwithstanding a second extension of the patent should take place.

Whether this ground may or may not be set up by way of equitable defence to the relief sought by the plaintiff, is a question I do not intend to examine; for, in my view of the case, conceding the position to be well founded, it will not avail the defendant.

The 11th section of the act of July 4, 1836 (5 Stat. 121), provides, that every patent shall be assignable in law, either as to the whole interest or any undivided part thereof, by an instrument in writing; and that the assignment, and also every grant and conveyance of the exclusive right to make and use, &c., the thing patented, within any specified part of the territory of the United States, shall be recorded in the patent office within three months from its execution.

The 4th section of the act of February 21, 1793 (1 Stat. 322), contained substantially the same provision. The 4th section of the act of April 10, 1790 (1 Stat. 111), strongly implies that the assignment must be in writing, as otherwise it is declared to be no defence to an action for an infringement; though there was no provision in that act for recording the assignment.

Under the 11th section of the act of 1836, the assignment or grant of an exclusive right in the patent within a given territory, must, therefore, not only be in writing, but must be recorded within the three months, to defeat the right of a subsequent purchaser without notice and for a valuable consideration. In order to guard against an outstanding title of over three months' duration, the purchaser need only look to the records of the patent office. Within that period, he must protect himself in the best way he can, as an unrecorded prior assignment would prevail; but it must be an assignment in writing, that may be recorded within the time limited.

That the chief object of the section requiring the assignment to be recorded is the protection of bona fide purchasers, is manifest, though not specially declared, as is usual in registry acts; as it cannot readily be perceived that any other benefit can be derived from the requirement. No reason can be given why the assignment should not be valid as between the parties, without being recorded. It is only when the rights of third persons are concerned, that the step becomes important, in guarding against frauds. Brooks v. Byam [Case No. 1,948]; Pitts v. Whitman [Id. 11,196]; Curt. Pat. § 190.

The instrument containing the grant in in this case falls within a class required to be recorded, as the grant conveyed an exclusive right under the patent to construct and use, and to grant to others to construct and use, the six machines, within a specified territory. It was a grant to this extent to the grantee and his assigns, clearly importing, therefore, not only an exclusive right to construct and use the machines himself, but to vend to others the right to construct and use them, as he might think most advisable for his interest.

Now, the assignment from Woodworth to Wilson, which was after the surrender of the patent and its re-issue on an amended specification, was made on the 9th of July, 1845. Wilson's assignment to the plaintiff was made on the 12th of November, 1846, and embraced the territory within which the defendant sets up a prior contract of assignment of the exclusive right to use his six machines. If this assignment to the defendant had been in writing, it would not have defeated the right of the plaintiff, unless recorded within the three months; and surely, not being in writing, and therefore not in a condition to be recorded, it cannot help the

case out of the difficulty. The defendant's title is in the predicament of that of a grantee of land, where there has been an omission or misdescription of a portion of the premises intended to be conveyed. A subsequent bona fide purchaser for a valuable consideration takes the title; and, although the party, as between himself and his grantor, might be entitled to have the deed reformed and the true description inserted, he cannot be thus entitled to the prejudice of the after acquired title.

But, it may be said that the clause omitted in the assignment, having relation to a grant of a future term of the patent, not yet in esse, was not an assignment or grant within the meaning of the 11th section of the act of 1836, that section having relation to an interest in an existing patent; and that, therefore, the stipulation for this future contingent interest, if in writing, need not have been recorded in the patent office. The interest in respect to which the parties were contracting, not being in existence at the time, was doubtless not the subject of assignment or grant at common law, nor within the sense of this section of the act. The right could rest only in contract. Admitting this to be the correct view of the stipulation, still I do not see how it can help the defendant. For, if the court should proceed and reform the contract, and cause the provision to be inserted in the assignment of the 4th of July, 1843, it would not affect the interest in the renewed patent in this territory, which had already passed by assignment to the plaintiff. As the right would rest only in contract, even after the instrument had been reformed, the interest of the assignee would still remain unaffected, until an actual assignment was enforced in equity in pursuance of the agreement. In order to effect this, it would be necessary to make the plaintiff here a party, the legal title being in him, and the question would then be presented between the right of a person holding a contract for the interest in question, and that of a subsequent bona fide purchaser for a valuable consideration. I need scarcely add that, in this posture of the case, the latter must prevail. 1 Story, Eq. Jur. § 64c, and cases there cited. Besides, courts of equity will not interfere to correct a mistake in a written instrument, to the prejudice of a bona fide purchaser, as he has at least an equal right to protection with the party laboring under the mistake. 1 Fonbl. Eq. bk. 1, c. 1, § 7, and notes; Sugd. Vend. c. 3, p. 143; Warrick v. Warrick, 3 Atk. 291; Malden v. Menill, 2 Atk. S. 13; 1 Story, Eq. Jur. §§ 108, 139, 165.

The defendant, in order to have secured himself against the title of a bona fide purchaser, should have procured a reformation of his contract, and an assignment of it, prior to the assignment to Wilson, under whom the plaintiff claims, and have recorded the same in the patent office within the three months. To reform the contract now, and award to him the benefit of the omitted clause, by directing an assignment, or, what would be equivalent, allowing him to avail himself of this matter by way of equitable defence, would not only contravene the effect of the recording act, but operate as a direct fraud upon the plaintiff. This view alone seems conclusive against the ground of defence set up in answer to the motion.

The mere right to an assignment would be of no avail, whether in writing or otherwise, even though enforceable in equity against the original party and his personal representatives. If it would, greater effect must be given to it as respects the title of a purchaser without notice, than to an actual unrecorded assignment of the interest—a proposition for which no one will contend.

I have assumed all along that the plaintiff is a bona fide purchaser of the interest claimed in the patent. That fact has not been controverted by the defendant; and, as the question in the case is presented by way of equitable defence to the title shown in the bill, the denial was necessary to complete the ground of defence. Otherwise, the title stands as averred in the bill, the burthen lying upon the defendant to impeach it.

I am satisfied, therefore, that the ground set up in opposition to the motion for an injunction cannot avail the defendant, inasmuch as the equity shown is not superior to that of the plaintiff. And besides, if it were admitted, it would, in effect, override the rights of the parties as settled by the provision of the act of 1836 requiring the recording of exclusive grants in a given territory, and of assignments of the whole or portions of the interest in the patent.

Injunction granted.

[For other cases involving this patent, see note to Bicknell v. Todd, Case No. 1,389.]