BLACKMAN LEE v. GARDNER LEE and others.

Where, by the death of an intestate, lands descend to the heir at law, a collector has no power to enter upon and make leases of said land.

CIVIL ACTION, in the nature of *Ejectment*, tried before *Kerr*, *J.*, at Spring Term, 1875, of SAMPSON Superior Court.

The plaintiff sued to recover possession of lands alleged to have been leased to the plaintiff for the term of one year, and for damages for its detention.

The following statement accompanies the record sent up to this court:

1. The plaintiff showed in evidence an order of the Probate Court of Sampson county appointing one Whitfield Fort collector of the estate of Pharaoh Lee.   That said Fort qualified and entered upon the duties of his office, and by virtue thereof took control of the estate, both real and personal of Pharaoh Lee, and rented out the land of said estate for one year, to-wit, from January 1st, 1872, to January 1st, 1873, to the plaintiff, at public sale, taking his bond and security for the same.

2. That the defendants were in possession of said land as tenants of said Pharaoh Lee, from whom the plaintiff had demanded possession prior to the commencement of this action.

Upon the evidence, his Honor being of the opinion that a

collector, under existing law, had no control over the real estate of the deceased, the plaintiff submitted to a non-suit.

Judgment for the defendant, from which judgment the plaintiff appealed.

*Kerr & Kerr, Smith & Strong,* for the appellant.
*W. McL. McKoy* and *Guthrie,* contra.

Bynum, J.   1. Admitting for the argument that the collector of the estate had the power to make a lease, the case shows that the defendants were in the possession of the premises, and still are, and that the plaintiff has made no entry upon the demised land.

A bare lease does not vest any estate in the leasee, but only gives him a right of entry on the tenement, which right is called his interest in the term, or *inter sse termini ;* but when he has actually so entered and thereby accepted the grant, the estate is then, and not before, vested in him.  2 Bl., 144. Therefore, the plaintiff having no estate before entry, cannot maintain trespass or ejectment.  1 Inst., 46 ; 2 Lil., 160.

2. But the question made in the court below and here is, whether the collector of an estate can make a valid lease of the realty.  The extremely defective statement of the case does not show whether Pharaoh Lee died testate or intestate, or whether his estate in the land was a fee simple, which descended to his heirs, or a term of years, which went to his personal representative ; but as every intendment is to be taken most strongly against the party alleging error in the record, 67 N. C., 47, we are to assume that he died intestate, and that his interest in the premises was a fee simple. We hold it then entirely clear, that the collector of his estate had no power to make leases.  It is a novel proposition, that the heirs, upon whom the land has descended, (it may be unencumbered by debt or otherwise) can be thus kept out of their inheritance and means of support.

In support of this alleged power of the collector, the plaintiff relies upon Bat. Rev. chap. 45, secs. 11, 13, 37 and 38. Section 11 provides for the appointment of a collector for the collection and preservation of the property of a decedent "whenever for any reason a delay is necessarily produced in the admission of a will to probate, or in granting letters testamentary, letters of administration or letters of administration with the will annexed."

Section 13 gives the collector power only to "collect the personal property, take possession and receive the rents and profits of the real property, preserve and secure the debts and collect the debts and credits of the decedent."

Section 37 provides that "the proceeds of all sales of personal estate and rentings of real property by public auction, shall be secured by bond and good personal security; and such proceeds shall be collected as soon as practicable, otherwise the executor, administrator or collector, shall be answerable for the same."

The 38th section merely designates the time when sales or rentings shall be made and makes it penal in these several officers, if they sell or rent otherwise than is provided in sec. 37.

If a lessee for years dies intestate leaving the term unexpired, it would probably be the duty of the collector under the above provisions of the statute to make leases from year to year, of the remainder of the term, until a regular administration. So if a collector is appointed pending a contest as to who shall be administrator *cum testamento annexo*, or executor of a will, which directed the renting of the testator's land, this would present another case where it would be the duty of the collector to make leases from year to year, or pursuant to the will. Doubtless such is the class of cases contemplated by the statute, and such a construction meets all the requirements of the sections of the statute relied upon by the plaintiff as before cited, without resorting to the strained and unnecessary construction contended for by the plaintiff.

We see nothing in the statute which confers upon a collector a greater power than that possessed by an administrator, or an administrator with the will annexed. Therefore, where by the death of an intestate the land descends to the heirs at law, the collector has no power to enter upon and make leases of such land.

8. But this was a lease from the first of January 1872, to the first of January 1873, and the action is brought only two months before the expiration of the lease. If the lease had been valid, the plaintiff could not have judgment, after the expiration of his term. This is elementary law.

There is no error.

PER CURIAM.            Judgment affirmed.