SECOMBE, Adm'r, *v.* CAMPBELL and others.*

*(Circuit Court, S. D. New York.   September 14, 1880.)*

1. PATENT—PROCEEDS OF DECREE—THIRD PARTY CLAIMING ADVERSELY TO PLAINTIFF.

Where a decree has been obtained for the infringement of a patent, the defendant cannot be restrained from paying the proceeds of such decree at the suit of a third party, seeking to recover such proceeds, where such party claims title to the patent adversely to the plaintiff.—[ED.

In Equity.   Demurrer.

The plaintiff, *pro se.*

*Stewart L. Woodford,* U. S. Att'y, and *Sam'l B. Clark,* Asst. U. S. Att'y, for defendant.

WHEELER, D. J.   This cause has been heard upon the demurrer of the defendant James to the bill of complaint.   The substance of the case made by the bill is that the plaintiff's intestate held the title to a patent; that an assignment of patents was made by him as president of a corporation, which was not intended to convey that patent, and did not in fact, to the defendant Ingalls; that she made an assignment of it to the defendant Campbell, who has brought suit against the defendant James for an infringement, to which the defendant Eddy has become a party, because he claims an interest in the patent, and in which Campbell has obtained a decree in his favor, upholding his title, on the ground that the assignment did convey the patent.   The prayer is that, if the assignment did convey the patent, it may be reformed to conform to the intentions of the parties, and that then, or if the patent was not conveyed, the defendant James be restrained from paying the amount de-

*See 2 FED. REP. 357.

creed to Campbell, and be decreed to pay it to the plaintiff, and for general relief.

There is no allegation of any infringement in fact by the defendant James. The only allegation upon that subject is that Campbell has brought the bill against him for an infringement, and has succeeded in establishing it by decree. This bill is not brought against James for an infringement upon the rights of the plaintiff's intestate, but rests upon the right of the plaintiff to what has been decreed from James to Campbell in the suit between them. Neither is this in any sense a creditor's bill to reach the property of Campbell in the hands of James for the satisfaction of any debt due from Campbell to the plaintiff in the right of the intestate. The substance of it is that the plaintiff's intestate was either the legal or the equitable owner of the patent; that Campbell has obtained a decree against James for infringement of the patent; and that the plaintiff has the right to the recovery which Campbell has shown himself entitled to. This claim cannot rest upon any privity between the plaintiff, or his intestate, and Campbell, entitling the plaintiff to stand upon the decree in favor of Campbell as conclusively establishing the infringement by James. That suit was brought for an infringement upon Campbell's rights, and the decree is conclusive between the parties and their privies upon all questions as to that infringement while it stands. This suit is not brought for any infringement in fact, but is brought to reach the avails of the infringement established by that decree upon the rights of Campbell. If the rights infringed upon are Campbell's, they are not the plaintiff's, and were not his intestate's, and the plaintiff has no right to the fruits of the infringement; if they are the plaintiff's, this suit is not adapted to reach them.

If the plaintiff stood upon the fact that Campbell holds under his intestate, he might, with plausibility, claim that an adjudication in favor of Campbell was conclusive in his favor on account of the privity; but he does not so stand. The whole foundation of his case is that Campbell acquired no rights from his intestate, and that they have all remained to

him. There can be no privity of estate or title when no estate or title passes. ˙ If Campbell did acquire the right to the patent, the plaintiff has no right to it and no case; if he did not, there is no privity between them through which the conclusiveness of the decree can reach him. The ability of the plaintiff to maintain a suit against James depends upon his having such a title to the patent as will, under the statutes of the United States relating to patents, give the right to sue for an infringement. *Gibson* v. *Cook*, 2 Blatchf. 144; *Gordon* v. *Anthony*, 16 O. G. 1135. The plaintiff's bill sets up such a title, but not any infringement of the right. It shows a recovery by Campbell, but fails to show anything entitling the plaintiff to Campbell's recovery.

The demurrer is sustained, the bill is adjudged insufficient, and a decree ordered dismissing the bill as to James, with costs.