GEO. W. REEVES et al. v. F. J. McMILLAN, Adm'r, et al.

*Administration—Disbursements—Assets.*

1. An administrator has no authority to use the funds belonging to the estate committed to him, to secure or protect the real estate of which his intestate died seized and possessed, without the sanction of those who are entitled to the funds.
2. The " real estate " which the administrator is authorized to lease by § 1413 *The Code*, extends only to *leasehold* estates which belonged to the intestate.

This is a CIVIL ACTION heard by *Clark, J.*, upon exceptions to report, at Spring Term, 1888, of ALLEGHANY Superior Court.

This action is prosecuted by the numerous plaintiffs mentioned in the complaint on behalf of themselves and others next of kin, and as such entitled to share in the distribution

of the personal estate of A. B. McMillan, deceased, against the defendant F. J. McMillan, his sole surviving administrator for an account and settlement thereof.

In the course of the action before the Clerk of Alleghany County, he proceeded to hear the evidence and state an account of the administration, from which it appears the administrator is charged with the aggregate sum of $21,470.76, to be reduced by uncontested vouchers for sums disbursed in the amount of $9,538.72 (by written agreement of counsel filed), instead of $8,591 94 set out in the transcript.

Exceptions taken by both parties were heard and passed upon by the Judge, and upon a recommittal for reformation of the report in accordance with the rulings, it was returned amended accordingly and confirmed. The only matter brought up for review relates to the vouchers for expenses incurred in prosecuting a suit to establish title to a tract of land bid off by the administrator, as shown in the report, and are, with the added interest, as follows:

No. 1.

| | | |
|---|---|---|
| By receipt of G. W. Folk, attorney in sundry cases, May 26, 1877 _____$ | 60 | 00 |
| By interest to January 17, 1888 _____ _____ | 38 | 31 |

No. 2.

| | | |
|---|---|---|
| By receipt of J. R. Wyatt, Sheriff, for cost in Edwards' case, October 8, 1878 _____ | 549 | 00 |
| By interest, January 17, 1888 _____ | 305 | 51 |

No. 3.

| | | |
|---|---|---|
| By receipt of R. F. Armfield, attorney, May 20, 1877 _____ | 55 | 00 |
| By interest, January 17, 1888 _____ | 35 | 20 |

No. 4.

| | | |
|---|---|---|
| By receipt of J. R. Wyatt, cost Whitted case, September 2, 1873 _____ | 92 | 96 |
| By interest, January 17, 1888 _____ | 79 | 93 |

REEVES *v.* McMILLAN.

No. 5.

By receipt of J. R. Wyatt, for cost, October 8, 1877    93 34
By interest, January 17, 1888_____    57 40

No. 6.

By receipt of R. F. Armfield, attorney, May 19,
1877 _____    30 00
By interest, January 17, 1888_____    19 20

The report of the Clerk in reference to these expenditures finds the facts following, to-wit:

1. That the defendant McMillan bid off the "Archibald or Morgan Edwards and McGrady lands," in his own name, but under a judgment in which his estate was not interested, and prosecuted the suit in his own name, but for the benefit of the estate of A. B. McMillan, for which the costs were incurred, as shown by contested vouchers Nos. 1, 2, 3, 4, 5 and 6.

2. That the defendant McMillan purchased said lands, when sold under the Whitted judgment, for the benefit of A. B. McMillan's estate, and that voucher No. 4 is the receipt for the same, taken by him on his said purchase.

Upon the foregoing facts, I hold, as a matter of law, that the defendant F. J. McMillan is entitled to credit for said vouchers, to-wit: Nos. 1, 2, 3, 4, 5 and 6.

The plaintiffs excepted to this ruling of the Court, and the same was reversed by the Judge and the charges disallowed, and the defendants appealed.

*Mr. E. R. Stamps,* for the plaintiffs.
*Mr. C. H. Armfield,* for the defendants.

SMITH, C. J. (after stating the case.)  The facts found are so meagre and indefinite that we are at a loss to know what considerations induced the defendant's departure from the

101—31

scope and limit of his official duties in administering the personal estate, and employ the fund in his hands in the effort to secure the real estate. Certainly he had no legal right thus to use the money that had come into his hands without the sanction of those to whom it belonged, and who were legally competent to give such consent; nor does it appear that any interest of the distributees has been subserved thereby, or they in anywise benefited by the expenditures.

Certainly good faith and generous intention will not excuse the misappropriation of the trust funds to unauthorized objects. The lands descended to the heirs-at-law who may be the distributees, but they, and not the administrator, must look after their interest in them.

*The Code,* which directs the personal representative to make his " rentings of real property by auction," § 1413, has been construed, in using the term " real estate," to refer to leasehold estates in land which an intestate may own, and to confer no power upon him to enter upon and make lease of lands which have descended. *Lee* v. *Lee,* 74 N. C., 70.

So it has been repeatedly held, that the taxes assessed on land after death fall upon the owner, and do not constitute a legitimate item in an administration account, unless with the assent of the party whose distributive share would be lessened thereby, and to such extent only.

There are no facts here, which, so far as the record discloses—and we can only know what it contains—tending to explain or to excuse the *devastavit* to the prejudice of the numerous distributees.

There is no error in the ruling, and the judgment must be affirmed.

Affirmed.

Since the opinion in this case was filed, our attention has been called to an erroneous recital of the amount of the

vouchers to which the administrator is entitled as a credit, and counsel of the opposing parties submit a statement in which the true total sum is admitted to be $18,770.60, made up of $9,231.88, overlooked, and $9,538.74. The mistake originated in the manner of stating the case on appeal, in which the Clerk, in stating the account, charges the administrator with $21,970.76, and adds: " I allow him the following sum, as per vouchers filed, $8,591.94," which was understood to be intended to be raised to the sum mentioned in the written agreement of counsel filed.

The correction of the error is now made by this memorandum, to which we will only add that no detrimental consequences could follow, if allowed to remain, as we only passed upon certain charges excepted to, and, in disallowing them, affirmed the judgment rendered in the Court below.