## ALVERDA S. DORSEY *vs.* JULIA A. OMO. JULIA A. OMO *vs.* ALVERDA S. DORSEY.

*Mortgage Sales—Right of Mortgagee's Attorney to Commissions and Counsel Fees When Sale is Advertised, but not Made—Circuit Court of County Where Land Lies, but Defendant Does not Reside is Without Jurisdiction to Enforce Agreement to Assign Mortgage.*

When a mortgage sale, after having been advertised, is abandoned upon settlement of the mortgage debt, the mortgagee's attorney or trustee to make sale is not entitled to one-half commissions or to counsel fees, in the absence of a stipulation to that effect in the mortgage.

The right to be allowed commissions for making sale under a power contained in a mortgage is wholly dependent on the contract embodied in the mortgage. If the mortgage be silent on this subject, or if the right to commissions be made contingent, then no commissions can be charged against the fund. or none until the contingency upon which they are payable actually happens.

A mortgage of land provided that in the event of a sale of the property under the power granted, the proceeds therefrom arising should be applied first to the payment of all expenses incident to the sale, including counsel fees and a commission to the party making sale of the property. A default having occurred, the property was advertised for sale under the power when the owner of the equity of redemption, in consideration of the suspension of the sale, agreed to assume payment of the mortgage debt and to pay a sum of money to be applied to the discharge of taxes and to the costs and other proper charges under the mortgage. *Held*, that the owner of the mortgaged property is not bound, either under the mortgage or the agreement, to pay counsel fees or any part of the commissions to which the attorney authorized to make the sale would have been entitled if a sale had been made, since under the terms of the mortgage, the right to counsel fees and commissions depended upon the condition that a sale of the mortgaged property be made under the power therein.

A mortgagee agreed to assign the mortgage to the owner of the equity of redemption upon payment of the mortgage debt. The land mortgaged was situated in Prince George's County, and the mortgagee resided in Howard County. A bill in equity to enforce this agreement, alleging payment of the amount due, was filed in the Circuit Court for Prince George's County, the jurisdiction of which does not include Howard County. Code, Art. 16, sec. 72, provides that in certain cases affecting land a bill in equity may be filed in the Circuit Court of the county where the land lies. One of these cases is where the bill is "for enforcing any charge or lien on the land." *Held*, that the bill in this case is not to enforce a lien on the land, but to enforce an agreement to assign a lien to the plaintiff, and that the Circuit Court for Prince George's County is without jurisdiction in the premises.

Code, Art. 16, sec. 76, does not authorize a bill for the specific performance of a contract to assign a mortgage of land to be filed out of the county where the sole defendant resides.

Appeals from a decree of the Circuit Court for Prince George's County (MERRICK, J.), by which upon the payment of a certain sum of money to the defendant, she was directed to execute to the plaintiff an assignment of the mortgage mentioned in this cause. The defendant was returned summoned by the sheriff of Howard County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*Marion Duckett* (with whom was *Jas. C. Rogers* on the brief), for Mrs. J. A. Omo.

*J. Mackubin,* for Mrs. A. S. Dorsey, submitted the cause on his brief.

McSHERRY, C. J., delivered the opinion of the Court.

There are two appeals in this record and the questions presented therein arise in this way: Herman Beeker and Frederick Baxter executed a mortgage to Alverda S. Dorsey to secure the payment of four thousand dollars. By this mortgage it was provided in the usual form that if default were made in paying the mortgage debt or the interest thereon, it should be lawful for the mortgagee or for Edwin Warfield, Esq., as attorney, to sell the mortgaged premises at public auction. The mortgage then went on to stipulate as follows: "*In the event* of a sale of said property *under the powers* hereby granted the proceeds *arising from such sale*" shall be applied "first, to the payment of all expenses incident to such sale, including all counsel or attorney's fees and a commission to the party *making sale* of said property equal to the commissions allowed trustees for making sale of property by virtue of a decree of Court having equity jurisdiction in the State of Maryland." The property was subsequently conveyed to a Mrs. Kraft subject to the mortgage, and she afterwards granted it to A. A. Omo. In eighteen hundred and ninety-seven a default having occurred in the payment of interest, the mortgaged property was advertised to be sold under the power above referred to. On the day of sale Mr. Omo, the owner of the equity of redemption, in consideration that the sale be stopped, agreed to assume the payment of the mortgage debt, and promised to pay the next day a sum sufficient to settle the overdue taxes and in addition, the further sum of five hundred dollars, to be applied to the payment of interest "and other charges proper under said mortgage." On the following day the parties met and with a view of preserving the lien of the mortgage, Mrs. Julia A. Omo, the wife of the owner of the equity of redemption, advanced the money which on the previous day Mr. Omo had promised to pay; and thereupon a receipt was given by the counsel of the mortgagee in which he agreed

that the money then received by him was to be applied in settlement of the unpaid taxes ; next "to the costs and expenses and other proper charges under said mortgage, attending proceedings for the collection of said mortgage." It was further stipulated that upon the payment of the whole debt and interest, the mortgage would be assigned to Mrs. Omo. Various payments were made subsequently ; but the question in dispute relates to the claim asserted by the mortgagee that Mrs. Omo is under an obligation to pay trustee's commissions and counsel fees before she becomes entitled to an assignment of the mortgage. The Circuit Court for Prince George's County disallowed the claim for counsel fees, and from the decree so disallowing them, the mortgagee has appealed. The Circuit Court allowed one-half the usual chancery commissions and from the decree making that allowance, Mrs. Omo has appealed. So the question in the first appeal is whether under the facts stated, Mrs. Omo is liable for and bound to pay the counsel fees charged by the mortgagee's attorney ; and the question on the second appeal is whether Mrs. Omo can be required to pay any part of the commissions which the attorney or agent authorized to make the sale would have been entitled to demand if a sale had been made. Of these questions in their order.

Outside of the terms of the mortgage and the stipulations of the agreements entered into between the attorney of the mortgagee, on the one hand, and Mr. and Mrs. Omo, on the other, there is nothing to guide us in deciding these questions. Both claims depend upon the existence of a contractual relation. If there is no contract there is no claim. If there is a contract there can be no claim not within the terms and conditions of the contract. Upon recurring to the mortgage it will be found that the stipulation with respect to the payment of counsel fees is explicit and free from any shade of ambiguity. " In the event of a sale  \*  \*  \*  under the powers hereby granted the proceeds arising from such sale ". are to be applied to the payment of counsel fees. It is obvious that the mortgagors and those who claim under them by mesne con-

veyances of the equity of redemption are bound under this stipulation to pay counsel fees only in the event of a *sale* of the mortgaged property and in the event of a sale under the *power* which the mortgage contains. But that is not all. The payment of counsel fees is to be made out of the proceeds arising from such sale, that is to say, from a sale made under the power of sale. Clearly, then, upon the face of the mortgage the right of the mortgagee's counsel to be paid a fee out of the mortgagor's property is dependent on the condition that a sale of the mortgaged property *has been made*, and has been made under the power contained in the mortgage. A sale was advertised, but was *not* made. The condition upon which depended the right to have the fee paid by the mortgagors, or those who hold the equity of redemption, never came to pass ; and of course, therefore, the right never matured. Neither the agreement signed on November the ninth, eighteen hundred and ninety-seven, nor that bearing date the following day enlarged the liability fixed by the mortgage. In the first agreement the sum to be paid by Omo is directed, when paid, to be applied to the settlement of taxes, the liquidation of interest " and other charges proper under said mortgage." In the second the sum received was agreed to be applied " to the payment of unpaid taxes　*　*　*　*　*　then to the costs and expenses and other proper charges under said mortgage attending proceedings for the collection of said mortgage." Both of these papers refer to the mortgage, and to the mortgage we must turn for the purpose of ascertaining what " charges " are " proper under said mortgage," and what are " the costs and expenses and other proper charges under said mortgage attending proceedings for the collection of said mortgage." When we do turn to the mortgage we find that the counsel fees are proper charges under the mortgage or are proper charges attending proceedings for the collection of the mortgage, only when a sale has been made in execution of the power contained in the mortgage. A sale under the power is a prerequisite to the allowance of counsel fees as a proper charge attending proceedings for the collection of the mort-

gage debt. Obviously, then, as no sale was in fact made there is no warrant for requiring the mortgagors, or the owners of the equity of redemption, to pay the counsel fees claimed by the mortgagee; and the refusal of the Court below to allow these fees as a proper charge against the owners of the property was clearly right. Had the agreements of November the ninth and tenth, provided that the same counsel fees were to be paid, notwithstanding there was no sale, as would have been payable if there had been a sale, a different state of case would have been presented. But there is no such term in the agreements and it cannot be supplied by judicial interpolation when the parties themselves have not seen fit to include it.

As to the second appeal, but little need be said. The right to the chancery commissions depended wholly upon a sale being made. It is generally provided by rule of Court—at least it is so provided in some of the circuits, *Gustave Adolp. Assn.* v. *Kratz*, 55 Md. 394—that when a trustee has advertised real estate for sale under a *decree* and before the sale is made the debt is paid the trustee shall be entitled to one-half the usual commissions. But that is not this case. If there had been no provision in the mortgage allowing commissions, no commissions could have been paid to the mortgagee or other person making the sale even though a sale had been made. *Johnson* v. *Glenn,* 80 Md. 369. There is no stipulation for one-half commissions and the Court has no authority to add to the contract of the parties by awarding any commissions whatever when the contingency upon the happening of which commissions were agreed to be paid has not occurred. When no sale was made the Court can no more allow one-half the usual commissions than it could allow full commissions after a sale has been made if the mortgage in the latter instance contained no agreement for commissions. The right to be allowed commissions for making sale under a power contained in a mortgage arises out of and is wholly dependent on the contract which has been embodied in the mortgage. If the mortgage be silent on this subject, or if the right to commissions be contingent, then, in the one instance, no commissions

can be charged against the fund, and in the other instance, no·
commissions can be charged until the contingency upon which
they are payable actually happens. There was no sale. The·
right to demand commissions depended on a sale being made.
There can therefore be no commissions allowed. The allow-
ance of one-half commissions was an error and in this particu--
lar the decree was wrong.

But lying back of all this there is a jurisdictional matter the·
consideration of which has been deferred until now, because·
we were urged to dispose of the questions just passed on, so·
that, if a new proceeding should be instituted, those questions.
might be treated as concluded and settled. This jurisdictional
inquiry comes up in this way. The land covered by the Dor--
sey mortgage lies in Prince George's County. The mortga--
gee, Alverda S. Dorsey, lives in Howard County. The bill.
filed by Mrs. Omo against Alverda S. Dorsey was filed in the
Circuit Court for Prince George's County. Under the written
agreement of November the tenth, eighteen hundred and
ninety-seven, the mortgagee agreed to assign the mortgage to·
Mrs. Omo upon the latter making payment of the whole
amount due thereon. Mrs. Omo contends that the whole·
mortgage debt, with the exception of the small sum she ten--
ders herself ready to pay has been liquidated, and that in vir-
tue of the agreement she is entitled to have the mortgage as-
signed to her. The bill filed by her against the mortgagee is.
a bill for specific performance of the agreement to assign
the mortgage; and the jurisdictional objection specifically·
raised in the answer is this : Has the Circuit Court for Prince·
George's County authority to pass a decree requiring Alverda.
S. Dorsey, who is a resident of Howard County and the sole
defendant in the case, to assign the mortgage ? Howard.
County is not within the jurisdiction of the Circuit Court for
Prince George's County; and unless there is some statute·
which confers upon that Court authority to entertain such a.
bill as this for specific performance against a resident of an-
other county, the decree which was passed and which required.
the mortgagee to. assign the mortgage to Mrs. Omo was.

passed without jurisdiction and is a nullity. Let us see whether there is any such statute.

*Section 72, Art. 16 of the Code*, is relied on as furnishing the Circuit Court for Prince George's County jurisdiction over the defendant. That section in part provides that a bill may be filed in the Circuit Court for the county where the land lies in any one of four contingencies, viz.: *first*, when proceedings are instituted for partition of real estate ; or *secondly*, for foreclosing a mortgage on land ; or *thirdly*, for selling lands under a mortgage ; or *fourthly*, for enforcing any charge or lien on land. It is apparent that the bill filed in this case was not for partition, nor to foreclose a mortgage, nor to sell land under a mortgage. To bring the case within the section at all the bill must be treated as a bill to *enforce* a charge or lien on land, and it is obviously nothing of the sort. It is not a bill to *enforce* a charge or lien on land but to enforce the *assignment* of a lien. The two things are radically different. The *assignment* of a lien is by no means the *enforcement* of a lien. The enforcement of the lien would follow the assignment of it and would be a distinct and independent proceeding. The concluding sentence of the section we are now considering says : "When the defendants, or any of them, reside in a different county from that in which the land lies *which is to be affected by the suit* the Circuit Court for the County (or Baltimore City) where the land or any part thereof lies, shall alone have jurisdiction." This must be read in connection with what precedes it and must be regarded as having relation to the classes of suits mentioned in the beginning of the section, because they all affect land. The proceeding now before us, however, does not affect land at all but concerns only the ownership of a lien *on* the land. Not one of the four classes of cases provided for in *sec. 72* includes a bill for specific performance, such as we now have before us.

*By sec. 76, Art. 16 of the Code*, it is provided that "Where a decree has been made for the specific performance of a contract, or the conveyance of land, or for sale of land, the Court passing such decree shall have the same power to execute said

decree, or compel a compliance therewith in cases where the land or property lies, or parties reside in different counties from that in which the decree was passed, as if the said parties resided, or land or property lay in the county where the decree was passed." This section groups together several subjects and the *reddendo singula singulis* rule of interpretation must be invoked, and in furtherance of the intention the words of the section must be taken distributively. Thus where a decree for specific performance is passed requiring a defendant to convey land lying in another county, the Court passing the decree in the county where the defendant lives, will have the same power to enforce that decree as it would have had if the land were situated in the county where the decree is made and where the defendant resides. And so if a decree is passed for the conveyance of land or for the sale of land in the county where the land lies but where the defendant does not reside, the Court passing the decree will have the same authority to execute the decree as if the defendant lived in the county where the land is located. A reference to the original statutes which have been incorporated in this section of the Code, will make it clear that this is the correct rendition of the language. The first statute which forms the base of the section is that of *1785, ch. 72, sec. 13.* By this Act it was provided that where a decree of the chancellor—and there was then a separate Chancery Court—shall be made for a conveyance, release or acquittance, and the party decreed against shall neglect to comply therewith, the decree shall be taken to have the same effect as if the conveyance, release or acquittance had been executed conformably to the terms of the decree. Then came the *Act of 1841, ch. 303,* which merely ratified and validated decrees for the sale of land *theretofore* passed by the County Courts sitting as Courts of equity in cases where the decrees had been signed out of the county but within the Judicial District where the land was located. The *Act of 1852, ch. 16,* conferred upon the Judges of the several Judicial Circuits and the Judge of the Superior Court of Baltimore City, the powers and duties antecedently committed to and imposed

upon the chancellor before the adoption of the Constitution of 1851 ; and further provided that whenever some of the persons who were proper to be made defendants resided in different counties or the city of Baltimore, that Court in which proceedings were first commenced should have jurisdiction. Now in none of this legislation is there an intimation that a bill for the specific performance of a contract could be filed *out* of the county where the sole defendant resided and *in* the county where the land is located, simply because the subject-matter of the contract was a *lien* on the land situated beyond the limits of the county where the defendant lived. Under *sec. 76* it is clear that the Circuit Court for Howard County would have had jurisdiction to entertain this bill and to decree specific performance of the contract set up and relied on therein ; and as there is no proceeding here for partition, for foreclosure, for a sale under a mortgage or for the enforcement of a lien or charge on land *sec. 72* does not give either exclusive or concurrent jurisdiction to the Circuit Court for Prince George's County. Having no jurisdiction over the person of the defendant because the case does not belong to any of the classes where jurisdiction is given though the defendant does not reside in the county where the bill is filed, the Circuit Court for Prince George's County had no authority to pass the decree requiring the mortgagee, Alverda S. Dorsey, to perform the contract and hence the decree which it did pass and which granted that relief must be reversed and the bill must be dismissed.

Whilst on the merits the decree in No. 12 would have been affirmed and in No. 13 would have been reversed ; the whole decree on the jurisdictional question must, for the reasons assigned, be entirely annulled.

> *Decree reversed with costs above and below and bill dismissed.*

(Decided March 7th, 1901.)