# CIRCUIT COURT OF BALTIMORE CITY.

Filed December 19, 1907.

THE CENTRAL METAL AND SUPPLY COMPANY OF BALTIMORE CITY
VS.
EDWARD HOLLANDER, TRUSTEE, ET AL.

*John G. Schilpp* and *J. Hanson Thomas* for complainant.

*Arthur W. Machen, Jr.*, for defendants.

ELLIOTT, J.—

The hearing in this cause comes on upon several motions to quash the proceedings herein, on account of a want of jurisdiction in this court to entertain the bill and grant relief.

The grounds upon which the motions are based are, first, that the action taken in this cause being one in personam, actual personal service of process must be made upon the defendants who must be found within the territorial limits of this State; and second, that, even if the action be one in rem. the Maryland Statutes, and particularly Sections 117 and 127 of Article 16, Code of Public General Laws of Maryland, providing for notice by publication, are unconstitutional and void.

Of course, if either of these grounds is good, the proceedings must be quashed.

An additional ground of objection to the proceedings is filed by Lee M. Hollander, one of the defendants, who claims to be a resident of the State of Maryland, and therefore not liable to be proceeded against by an order of publication. As the question of residence and citizenship is one of both fact and law, and the case has come up, on petition and answer, the latter of which denies that he is a resident of Maryland, I shall for the purposes of this motion, consider him a non-resident.

The first question, therefore, to be considered, is as to the nature of these proceedings. Is the action one in personam or in rem., and if the former, can that court only exercise jurisdiction which can secure personal service of process against the defendant? To the first part of this question we answer that the action is either one or the other as regards the remedy sought or given. If the decree to be rendered is one requiring the defendants to do some positive act, it would necessarily be in personam, while if the determination was simply as to the rights which the plaintiff possessed as against the land itself it would be in rem.

Here the thing sought is a determination by this court that the plaintiff has the right by virtue of the payment of a certain, definite sum of money, and in accordance with the terms of the lease under which it and the defendants are claimed to hold the land, to have it free and clear of any rent, and in fee simple. It is quite clear we think that this question could be efficiently determined, and such decision enforced, without any decree in personam against the defendants. And the court is satisfied, that so far as the place of residence of the defendants is concerned, it makes but little difference, so long as the land about which the controversy arises is located within the jurisdiction of the court. It is undoubtedly true that an action might have been instituted in any county of the State, or in the city of Baltimore, if the defendants could have been found there, and a decree in personam could have been rendered against them, but it is just as true that the court within whose jurisdiction the land lies, could entertain the suit, and pass a decree for the conveyance of the interest in the land to which it could

be shown that the plaintiff was entitled.

Dorsey vs. Omo, 93 Md., 82.

And so the court has no difficulty in deciding that it has the right to hear and determine the issue involved in this case without regard to the residence or personal presence of the defendants within the limits of its jurisdiction.

The other question, however, is as to whether this court has legally obtained jurisdiction so as to enable it to try the case.

The jurisdiction has been sought against the defendants who have moved to quash, by a notice of publication, in accordance with the provisions of certain sections of Article 16 of the Public General Code of Maryland.

But said defendants say those provisions of law are unconstitutional as against our own Bill of Rights and the Fourteenth Amendment to the Constitution of the United States, and the specification is that the proceedings is without due process of law. If this is so the action must fail.

"Due process of law has been defined to mean" a course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence for the protection and enforcement of private rights. To give such proceedings any validity, there must be a tribunal competent by its constitution, that is, by the law of its creation, to pass upon the subject matter of the suit; and that involves merely a determination of the personal liability of the defendants, he must be brought within its jurisdiction by service of process within the State, or his voluntary appearance."

Pennoyer vs. Neff, 95 U. S., 714, 733; Scott vs. McNeal, 154 U. S., 46.

To constitute "due process of law," therefore, and gratify both our Bill of Rights and the Federal Constitution, not only must the tribunal invoked be one "competent to pass upon the subject matter of the suit," but it must be in a position to enforce its decree when passed.

There can be no successful contention that in a cause wherein the defendants have been brought within the jurisdiction by service of process or by voluntary appearance, this court would be competent to pass upon the subject matter of this suit, and therefore, any successful motion to quash these proceedings must be based upon a denial to this court of the right upon the question involved simply and solely because the defendants moving to quash have not been personally served with process, and have not voluntarily appeared. And this we understand to be the contention made by the defendants.

In other words, to put the matter a little more concretely in any suit for the redemption of a redeemable rent, this court would be without power to act at all in any case where any of the necessary defendants were out of reach of actual personal service of process, and did not voluntarily appear.

This court cannot give its assent to any such proposition, and for very obvious reasons.

In the first place, this court is the proper forum in which to determine questions relative to the lot of ground involved in this cause.

Maryland Public General Code, Art. 16, Sec. 72; Dorsey vs. Omo, 93 Md., 81.

In the second place, the decisions of the United States Supreme Court and of our own Court of Appeals clearly recognize the right of our State courts to enforce a jurisdiction gained by a notice of publication, where the thing is within the jurisdiction, and the object of the suit is not "merely a determination of the personal liability of the defendant."

Pennoyer vs. Neff, 95 U. S., 733; Worthington vs. Lee, 61 Md., 543.

The question to be determined here is as to whether or not the lot of ground involved in this controversy, located as it is in the city of Baltimore, is subject to a redeemable or an irredeemable rent. Growing out of this is, of course, the question of the right of the defendant to collect, and the liability of the plaintiff to pay any rent, and this is as incident to the main question there may be, and are, questions of personal right and liability. And it is doubtless true that the strict question of personal right may not be directly determined as against non-resident defendants, not served with process, or voluntarily appearing. This court could, however, in a case properly made out, appoint a trustee to execute a deed of the re-

version involved, or could restrain the further collection of rent. But whether one or the other, or either or both, are not questions incident to a plea to the jurisdiction. The method or extent of the relief to be granted has nothing to do with the question of jurisdiction.

If there is any jurisdiction in this court to determine the relative position of the parties so far as the land in question is concerned, the motion to quash must be overruled, and this court is of the opinion that it has jurisdiction, and will overrule the motion.

In view of some of the suggestions thrown out in the argument of this case, and also stated in the answer of Lee M. Hollander, one of defendants, it may be proper that I should say that the defendants are entitled to all reasonable information concerning the condition of the title claimed by the plaintiff, and it might be well in case this matter is to go further, then an amended bill should be filed setting out the terms in detail, but I am not of the opinion that the defendants are entitled to make a careful and exact examination of the title at the expense of the plaintiff. The reasons for this view are too plain to require statement here.

I will overrule the motion to quash.