DUNNEBACKE v. DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY CO.

PECKHAM v. SAME.

HUTZEL v. SAME.

1. Injunction—Equity—Jurisdiction.

Where chancery court has jurisdiction over parties, it may, by decree *in personam*, restrain illegal interference with plaintiffs' easement rights in property located in another county, but said relief, if granted, will be strictly *in personam*, and will not, *ex proprio vigore*, impinge upon local jurisdiction over *res*.

2. Venue—What Actions Must be Tried in County Where Land Situated.

Under 3 Comp. Laws 1915, § 12340, disputed title to real estate, possessory actions, and actions for trespass on lands and for injuries to real estate must be tried in county where land is situated.

3. Appeal and Error—On Motion to Dismiss Allegations in Bill Taken as True.

On appeal from denial of motion to dismiss suit to restrain railroad company and State highway commissioner from illegally interfering with plaintiffs' easement rights in property located in another county, allegations in bill must be taken as true.

4. Injunction—Equity—Eminent Domain.

Equity will enjoin parties empowered with right to employ eminent domain who assert right to take or damage property or property rights but ignore legal method.

5. Same—Question Not Rendered Moot by Granting or Denying Temporary Injunction.

Subject-matter of injunction bill is not rendered moot by refusal to grant, or by dissolution of, temporary injunction.

6. APPEAL AND ERROR—INJUNCTION SUIT SHOULD NOT BE DIS-
MISSED ON GROUND HAPPENING AFTER APPEAL TAKEN.

> Suit to restrain railroad company and State highway commis-
> sioner from building railroad through certain restricted resi-
> dence subdivision in which plaintiffs have easement rights
> without compensating them therefor should not be dismissed
> by Supreme Court, to which court case was appealed on
> denial of motion to dismiss, although, after appeal was taken,
> condemnation proceedings, which will compose plaintiffs'
> rights, have been commenced and will proceed to determina-
> tion, since Supreme Court may not go outside record and
> consider ground not existing when motion to dismiss was
> made in circuit, but case is remanded to circuit court, and
> said fact may be pleaded by defendants in their answer.

Appeals from Wayne; Merriam (DeWitt H.), J. Submitted October 16, 1929. (Docket Nos. 110, 111, 112, Calendar Nos. 34,062, 34,063, 34,064.) Decided December 3, 1929.

Separate bills by Marguerite Dunnebacke, Ralph E. Peckham, and Eleanore L. Hutzel against the Detroit, Grand Haven & Milwaukee Railway Company and others to restrain construction of a railroad through certain property in Oakland county. On motion to dismiss. The cases were consolidated. From decrees for plaintiffs, defendants appeal. Affirmed.

*Atkinson, O'Brien & Clark* and *Raymond M. Shock,* for plaintiffs.

*Wilber M. Brucker,* Attorney General, and *Kit F. Clardy,* Assistant Attorney General, for State Highway Commissioner.

*H. R. Martin* and *H. V. Spike,* for defendant railway company.

Wiest, J. Three suits have been consolidated, and will be disposed of in one opinion.

Plaintiffs claim that the construction of a railroad, through a certain restricted residence subdivision in Oakland county, by taking property with which their properties are linked by a reciprocal negative easement will cause them damage. To restrain parties interested in putting the railroad through such subdivision, without compensating plaintiffs or admeasuring their damages by due process of law, they filed the bills herein in the circuit court for the county of Wayne, in chancery, and temporary injunctions to such effect were granted. Defendants appeared specially and moved to dismiss the bills and dissolve the injunctions for want of jurisdiction in the Wayne circuit court, in chancery. The motions were denied, and we allowed defendants to appeal. The question we decide is whether the chancery court of Wayne county had jurisdiction to restrain persons, subject to its process, from interfering with plaintiffs' easement rights in property in Oakland county, except they do so in accord with due process of law.

Plaintiffs are residents of Wayne county and defendants are subject to the chancery process of the Wayne chancery court. The Wayne chancery court had jurisdiction of the parties. The injunctions operated *inter partes*. Relief asked, and if by decree granted, will be *in personam*. The suit does not involve legal title to or possession of lands. Plaintiffs' easement rights are in real estate situated in Oakland county, but the Wayne chancery court, with jurisdiction over the parties, could, by process, and can, by decree *in personam*, grant the restraint. Such restraint will operate upon persons and not upon property. The injunctions, if made permanent by decree, will not constitute an adjudication *in rem*

by a court having no jurisdiction over the *res.* Disputed title to real estate, possessory actions, and actions for trespass on lands and for injuries to real estate must be tried in the county where the land is situated.  3 Comp. Laws 1915, § 12340.  But this suit is not *in rem,* and the relief sought, if granted, will be strictly *in personam* and will not, *ex proprio vigore,* impinge upon the local jurisdiction over the *res.*  The question presented is not new; it has often arisen in suits in one State or jurisdiction with restraint imposed upon persons within the jurisdiction respecting property in another jurisdiction.  The authorities are overwhelmingly in support of jurisdiction in cases like the one at bar.  We will call attention to a few:

In 32 C. J. p. 286, many cases are cited and the law on the subject is succinctly stated as follows:

"Applying the rule that a decree in equity acts upon, and is enforced against, the person and not the property involved, to suits for injunctions, a court having jurisdiction of the parties may grant and enforce an injunction, although the subject-matter affected is beyond its territorial jurisdiction, as where it is outside the county or State or in a foreign country."

In *Jennings Bros. & Co.* v. *Beale,* 158 Pa. St. 283, 285 (27 Atl. 948), it was held:

" 'When the court has jurisdiction of the person it may issue an injunction to prevent trespass upon lands in another county.' *Munson* v. *Tryon,* 6 Phila. 395.  This rule applies to all proceedings not affecting title.  2 Danl. Ch. Pr. p. 1033, note 5."

We quote the following from the syllabus in *Schmaltz* v. *York Manfg. Co.,* 204 Pa. St. 1 (53 Atl. 522, 59 L. R. A. 907, 93 Am. St. Rep. 782):

"Where the subject-matter is situated within another State or country, but the parties are within the jurisdiction of the court, a suit may be maintained and a remedy granted which directly affect and operate upon the person of the defendant and not upon the subject-matter, although the subject-matter is referred to in the decree, and the defendant is ordered to do or to refrain from certain acts toward it, and it is thus ultimately but indirectly affected by the relief granted."

We quote from the syllabus in *Great Falls Manfg. Co.* v. *Worster,* 23 N. H. 462:

"Where the person of a defendant is within the jurisdiction of the court, he may be enjoined against injuring the real estate of the orators, situated out of the State.

"The orators owned a dam extending across the Salmon river, into the State of Maine. The defendant was a citizen of New Hampshire. *Held,* upon a bill filed for that purpose, that the court had jurisdiction to issue an injunction restraining the defendant from destroying the dam of the orators in Maine."

In *Marshall* v. *Turnbull,* 32 Fed. 124, it was said, quoting from the syllabus:

"A defendant, properly served, may be enjoined from committing waste upon, or otherwise impairing the value of, property in which the complainant is interested, even though the property is situated abroad, provided a case for the interposition of a court of equity is made out."

In *Clad* v. *Paist,* 181 Pa. St. 148 (37 Atl. 194), a bill was filed in Philadelphia county "to restrain the obstruction of a right of way in Chester county, dedicated by the defendant to public use. The plaintiffs resided in Chester county, and the defend-

ant in Montgomery county. *Held,* that the court of common pleas of Philadelphia county had jurisdiction of the case.''

In *Phelps* v. *McDonald,* 99 U. S. 298, the court stated:

"Where the necessary parties are before a court of equity, it is immaterial that the *res* of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary, according to the *lex loci rei sitæ,* which he could do voluntarily, to give full effect to the decree against him.

"Without regard to the situation of the subject-matter, such courts consider the equities between the parties, and decree *in personam* according to those equities, and enforce obedience to their decrees by process *in personam.* 2 Story Eq. Juris. (12th Ed.), § 899; *Miller* v. *Sherry,* 2 Wall. 249; *Penn* v. *Lord Baltimore,* 1 Ves. 444 (27 Eng. Rep. Reprint, 1132); *Mitchell* v. *Bunch,* 2 Paige (N. Y.), 606 (22 Am. Dec. 669).''

In *Longley* v. *McGeoch,* 115 Md. 182 (80 Atl. 843), it was stated:

"Injunction operates *in personam.* If the person is within the jurisdiction it is not material that the subject-matter may be without the jurisdiction. This is the general rule, 22 Cyc. p. 906; Miller's Equity, § 570; Phelps' Juridical Equity, p. 307; *Carroll* v. *Lee,* 3 G. & J. 504; *Dorsey* v. *Omo,* 93 Md. 74 (48 Atl. 741); *Phelps* v. *McDonald,* 99 U. S. 298.''

See, also, *Alexander* v. *Tolleston Club,* 110 Ill. 65.

Plaintiffs, in their bills of complaint, have stated. easement rights within the decision of this court in *Johnstone* v. *Railway Co.,* 245 Mich. 65. Defendants by employment of the power of eminent domain may'

compose or satisfy such easement rights. Upon the motions before us we must take the allegations in the bills of complaint as true, and the bills allege a purpose on the part of defendants to injure or destroy plaintiffs' easement rights without purchase or condemnation and to proceed with the construction of the railroad in violation of such easement rights. If, instead of composing or satisfying plaintiffs' easement rights by condemnation, the defendants asserted intention to go ahead and destroy or injure such rights and remit plaintiffs to actions at law to obtain redress, then a clear instance for interposition of a court of equity and its restraining power exists. Equity will enjoin parties, empowered with right to employ eminent domain, who assert the right to take or damage property or property rights but ignore the legal method. Upon this, authority is ample. See *Ryan* v. *Brown,* 18 Mich. 196 (100 Am. Dec. 154); *Ghaster* v. *City of Fostoria,* 115 Ohio St. 210 (152 N. E. 651, 46 A. L. R. 1439).

The rule is stated in *Lauderback* v. *Multnomah County,* 111 Ore. 681 (226 Pac. 697) (syllabus):

"Entry on private property under color of eminent domain power will be enjoined until right is perfected by full compliance with Constitution and laws as to compensation and proceedings, irrespective of irreparable injury or adequate legal remedy."

In *Gulf Lines R. R.* v. *Railway,* 290 Ill. 384 (125 N. E. 357), the rule was stated as follows:

"When an illegal entry upon private land under color of the power of eminent domain is attempted, it will be restrained by a court of equity without regard to the usual conditions for the exercise of equitable jurisdiction. The action is based upon the

attempted misuse of the sovereign power delegated by the legislature and the protection of the individual right against the wrong. * * * Neither trespass nor ejectment would have been a complete and adequate remedy in this case, but if that were not true, injunction was a proper remedy.''

See, also, 10 R. C. L. p. 228.

Since the appeals were taken this court dissolved the injunctions. The subject-matter of an injunction bill is not rendered moot by refusal to grant or by the dissolution of a temporary injunction.

The attorney general represents the State highway commissioner, and, in his brief, states that, since the filing of the bills, condemnation proceedings, which will compose plaintiffs' rights, have been commenced and will proceed to determination, and, therefore, the case at bar should be dismissed. If condemnation proceedings are now being carried on defendants can plead the fact in their answers but we cannot go outside of the record before us and consider a ground not existing at the time the motion to dismiss was made in the circuit.

Plaintiffs contend that a Federal question is present, involving the validity of the act empowering defendants with the right of eminent domain. This, of course, we cannot pass upon at this time; neither do the plaintiffs ask us to do so.

The circuit court for the county of Wayne, in chancery, had jurisdiction. The denial of the motion to dismiss is affirmed, and defendants must answer the bills of complaint within 15 days after the filing of this opinion.

Plaintiffs will recover costs.

NORTH, C. J., and FEAD, BUTZEL, CLARK, MC-DONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.