## BERGSTEDT v. NEFF et al.
### No. 2679.

District Court, W. D. Louisiana, Lake Charles Division.

Sept. 9, 1936.

Robert R. Stone, of Lake Charles, La., for plaintiff.

Pujo, Bell & Hardin, of Lake Charles, La., for defendants.

DAWKINS, District Judge.

This suit was brought in the state court for Calcasieu parish, under the provisions of Act No. 86 of the Louisiana Legislature of 1928, as amended by Act No. 184 of 1932, by a citizen of Louisiana, against a resident of Texas, and his insurer, a foreign corporation, on a public liability policy. The accident is alleged to have happened in Lafayette parish, which is in the Opelousas division, but the suit was brought at the domicile of the plaintiff in Calcasieu parish, which is also a judicial district of the state different from that in which the parish of Lafayette is situated.

Defendants have filed exceptions to the jurisdiction and to the venue of this court.

The Act No. 86 of 1928, as amended, says nothing about where a suit thereunder shall be filed other than in the

state, and presumably the intention was to allow·other provisions of the state law to govern. Paragraph 9 of article 165 of the State Code of Practice provides: "In all cases where any person, firm or corporation shall commit trespass, or do anything for which an action for damage lies or where any corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation."

Neither the individual defendant ·nor his insurer are shown to have a domicile in Calcasieu parish, and therefore the only other places at which they may be sued, under the state law, are in the parish of East Baton Rouge, where the secretary of state, who is made the statutory agent for service of process under the Act No. 86 of 1928, as amended, performs his official duties, or the parish of Lafayette, where the alleged injury and damage occurred.

I do not believe that the provisions of Section 51 of the Federal Judicial Code (28 U.S.C.A. § 112), authorizing the filing of suits based upon diversity of citizenship, in proper cases, either at the domicile of the plaintiff or defendant, can apply, as the present action rests upon the special provisions of state laws and must be brought in conformity thereto. I construe the exceptions in the present case as being both pleas to the jurisdiction of the state court and to the venue of this court. Plaintiff contends that, by appearing and removing the case from the state court, defendants waived their right to challenge the jurisdiction, citing authorities of the state Supreme Court holding that any appearance, other than to except to an alleged faulty citation, has the effect of waiving it. However, the pleas here are not to the citation, but, as above stated, to the jurisdiction and venue. Even if they had questioned the citation, it seems settled that an exercise of the right of removal does not waive anything. General Investment Co. v. Lake Shore & Michigan Southern Railway, 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244.

It has been suggested by counsel for plaintiff that, if the plea to the venue is found to be good, the case should be transferred to the Opelousas division. The suit was not filed originally in the federal court but in the state court, and, if the latter had no jurisdiction, as I find to be true, then in my judgment the only · thing this court can do is to dismiss the suit. My view is that the motion should be sustained and the suit dismissed.

Proper decree should be presented.