WILLIAM STERLING EVANS ET AL. *v.*
GEORGE P. ZOUCK

[No. 26, January Term, 1937.]

*Decided February 24th, 1937.*

The cause was submitted on briefs to BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Joshua Clayton, E. Kirk Brown,* and *James F. Evans,* for the appellants.

*Benjamin H. McKindless* and *Henry A. Warburton,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

On May 20th, 1924, the appellants confessed a judgment in the Circuit Court for Cecil County in favor of George P. Zouck, in an action on a replevin bond. The amount of the judgment was originally $926.41, but as the result of a proceeding brought by the appellants to have it marked "satisfied," the court allowed credits which reduced the amount (in 1934) to $428.75. Later, in July, 1936, the plaintiff ordered an attachment issued on the judgment, returnable to the Superior Court of Baltimore City. On August 10th, 1936, the appellants, the judgment debtors, filed in the Circuit Court for Cecil County, in equity, their bill of complaint against Zouck, praying that, because of certain equitable considerations, he be enjoined from prosecuting that attachment, "or proceeding in any manner, looking to the execution" of the judgment. It appeared on the face of the bill that Zouck resided in Baltimore City.

Zouck appeared specially in proper person and in a paper called a "Demurrer to Jurisdiction," but which was in fact a motion to dismiss or an answer, alleged that he did not reside in Cecil County, that he did not carry on any regular business, or habitually engage in any avocation or employment, in that county, but that he did reside in Baltimore City. The case was heard on the bill

and that pleading, which was supported by affidavit, as though it was a demurrer, and thereafter the court sustained the so-called "demurrer" and dismissed the bill. The appeal is from that decree.

The territorial jurisdiction of a court of chancery, unless enlarged by statute, is limited to the area within which its process is effective (21 C. J. 149), so that "no jurisdiction whatever exists unless the parties to be affected are by service of process or voluntary appearance within the jurisdiction and subject to the control of the court, or the *res* is within the jurisdiction." *Id.*, *McGaw v. Gortner*, 96 Md. 489, 54 A. 133. That principle, no doubt, underlay the decision in *Dorsey v. Omo*, 93 Md. 74, 80, 48 A. 741, that a resident of one county is not within the jurisdiction of the courts of another county. In that case a bill was filed in the Circuit Court for Prince George's County against a resident of Howard County, to compel the defendant to perform an agreement to assign a mortgage on land in Prince George's County. In holding that the Circuit Court for Prince George's County had no jurisdiction, the court said: "Howard County is not within the jurisdiction of the Circuit Court for Prince George's County; and unless there is some statute which confers upon that court authority to entertain such a bill as this for specific performance against a resident of another county, the decree which was passed and which required the mortgagee to assign the mortgage to Mrs. Omo was passed without jurisdiction and is a nullity."

The principle thus announced was recognized in *Mexican Cent. Ry. Co. v. Pinkney*, 149 U. S. 194, 13 S. Ct. 859, 865, 37 L. Ed. 699, as "well settled," and the court in that case said that "no court can exercise, at common law, jurisdiction over a party, unless he is served with the process within the territorial jurisdiction of the court, or voluntarily appears." Prior to 1763, in this state all equitable jurisdiction was in the Court of Chancery, the jurisdiction of which was co-extensive with the confines of the state. *Miller's Equity Proc.* par. 2;

*Townshend v. Duncan,* 2 Bl. 58; *Binney's Case,* 2 Bl. 144-145; *Maccubbin v. Matthews,* 2 Bl. 253-254; *Alexander* Ch. Pr. 9-13. But, beginning with chapter 23 of the Acts of 1763, successive statutes conferred upon the county courts a steadily increasing share of the equitable jurisdiction of the Chancery Court, until, by the Act of 1815, ch. 163, the county courts were vested "with all and singular the powers authorities and jurisdictions, that can or may be exercised by the chancellor of this state, whether the same be derived from the common law, or in virtue of any statute or act of assembly heretofore passed." The Chancery Court was itself abolished by the Constitution of 1851, which provided that the circuit courts for the counties should have and exercise all the jurisdiction which the county courts had and exercised, or which should thereafter be prescribed by law, and that the judges thereof should "in their respective circuits" have and exercise all the power and authority and jurisdiction of the "present court of chancery of Maryland." Const. 1851, art. 4, sec. 8. The powers thus conferred upon the circuit courts were continued and confirmed by the Constitutions of 1864 and 1867. But while the territorial jurisdiction of the Chancery Court was statewide, *supra,* it was said by Thomas S. Alexander, respected by the profession, in his time and since, for the accuracy and extent of his knowledge of chancery practice in this state, that "the jurisdiction of the county court as a court of equity, like its common law jurisdiction, is in general confined within the limits of the county." *Alex. Ch. Pr.* (1839) 11. There are, of course, exceptions, as where defendants reside in different counties (Code, art. 16, sec. 91), or where a creditor's bill is filed to subject the lands of a deceased person which lie in more than one county to his debts, or where the proceeding is to enforce a mortgage against lands lying in more than one county *(Id.* sec. 92), or where there is a bill for the specific performance of a contract for the conveyance of of land *(Id.* sec. 94), or there is a bill for a divorce *(Id.* sec. 37), but such exceptions usually rest upon a statute, for those

cases in which the decree operates upon some *res* within the jurisdiction are not exceptions at all but illustrations of the principle.

It may therefore be accepted as settled law, in this state, that except where it is otherwise provided by statute, a defendant in an equity suit has the same right to be sued only in the county of his residence, or in the City of Baltimore if he resides there, that the defendant in a law suit would have, and that, unless he is within the territorial jurisdiction of the equity court in which the suit is pending or voluntarily submits to its jurisdiction, such court cannot acquire jurisdiction to bind him by a decree *in personam. Pennoyer v. Neff,* 95 U. S. 714, 24 L. Ed. 565.

If, therefore, this could be considered an original proceeding, wholly independent of and distinct from the proceeding in which the judgment was entered in the Circuit Court for Cecil County, it would necessarily follow that the Circuit Court for Cecil County, in equity, was without jurisdiction to entertain this suit. But this proceeding is not independent of the action in the Circuit Court for Cecil County, but is ancilliary thereto. *Freeman v. Howe,* 24 How. 450, 16 L. Ed. 749, 752; *Markham v. Huff,* 72 Ga. 874, 883; 21 *C. J.* 153. And where a plaintiff has invoked the jurisdiction of a court in a jurisdiction in which he does not reside to secure a judgment at law, he will not be permitted to deny the jurisdiction of that court sitting as a court of equity to adjust any differences between him and the defendant in the action at law arising out of the enforcement of that judgment. *Id.* For, as said in *Markham v. Huff, supra:* "When a person goes out of the county of his residence, and seeks relief at law against another in the county of the latter's residence, in such case, when it may become necessary, according to the principles of equity, to adjust the matters in controversy between the parties to said action at law, at the instance of the defendant, the superior court having jurisdiction of said action at law, may, as a court of equity, entertain a bill, and may decree and grant full and complete relief

to the parties before it, and has jurisdiction to grant relief against the plaintiff in the action at law, although he may not reside in the county where such bill is filed, his conduct in appealing to said court is equivalent to consenting to the jurisdiction of the same, as to all matters growing out of said action at law."

Assuming that the allegations of the bill made out a case within the general jurisdiction of the court, it follows that there was error in dismissing the bill. The defendant having himself invoked the jurisdiction of the Circuit Court for Cecil County to secure a judgment in an action at law against the plaintiffs named in the bill in this case, should not be permitted to deny the power of the same court, acting in the exercise of its equitable jurisdiction, to adjust any differences between the parties as to the enforcement or satisfaction of that judgment. It is true that, since he does not reside in Cecil County, he would not be within the reach of the process of the Circuit Court for Cecil County in an original proceeding, except in cases where such jurisdiction is conferred by statute, but where his appearance in such court is required in aid of some proceeding pending there, the court is not without power to command it. Code, art. 87, secs. 18-21; *Id.* art. 16, secs. 213, 89, 204; *Baltimore City v. Sackett*, 135 Md. 56 *et seq.*, 107 A. 557.

Because of the form in which the case comes to this court, we are not authorized to consider or to decide whether the allegations of the bill state a case for equitable relief; there was no demurrer to the bill, nor did the trial court pass upon that question. The decree must therefore be reversed and the case remanded for further proceedings.

> *Decree reversed and cause remanded for further proceedings in accordance with the views expressed in this opinion, with costs to the appellants.*