## FRANK J. ORTMAN *v.* IRWIN M. COANE, ET AL.

[No. 52, January Term, 1943.]

*Decided April 8, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, MELVIN, and ADAMS, JJ.

*Walter H. Buck* and *Eben F. Perkins* for the appellant.

*Enos S. Stockbridge,* with whom were *Mullikin, Stockbridge & Waters* on the brief, for the appellees.

COLLINS, J., delivered the opinion of the Court.

The appellant, plaintiff, Frank J. Ortman, filed a bill of complaint in Circuit Court No. 2 of Baltimore City against the appellees, Irwin M. Coane and the American Distilling Company, a Maryland corporation. The bill of complaint is as follows:

"1. That on or about July 17, 1941, the plaintiff acting through another, acquired, pursuant to a written agreement, from the defendant, Irwin M. Coane, the said

defendant being then a resident of the State of New York, for a valuable consideration, each and every claim, right or assertable right, action, or cause of action, of any and every kind and nature which the said defendant had by reason of his stock ownership or otherwise against or through the American Commercial Alcohol Corporation and The American Distilling Company, Maryland corporation, and/or each and every of the officers, directors, employees and stockholders of either or both thereof, and thereby became the owner of all of the foregoing property and rights therein.

"2. That notwithstanding the said agreement, but in clear violation of the terms thereof, the said Coane as a stockholder of The American Distilling Company has recently filed in the Supreme Court of the State of New York, County of New York, a so-called derivative action against The American Distilling Company and certain of its officers and directors, purporting to sue on his own behalf and on behalf of stockholders similarly situated, and on behalf of and in the right of the said The American Distilling Company.

"3. That by reason of the wrongful action aforesaid of the defendant, Irwin M. Coane, the plaintiff is advised that he is entitled to a decree impressing the stock of The American Distilling Company, owned and held by the defendant, Irwin M. Coane, with a trust in his favor, and because the defendant, The American Distilling Company, is a corporation organized and existing under the laws of Maryland, the courts of this State have the jurisdiction and duty to grant the relief herein prayed for."

He prayed:

"1. That this Honorable Court shall by its decree determine and declare that the stock of The American Distilling Company owned or held by the defendant, Irwin M. Coane, is impressed with a trust in favor of the plaintiff, to the end that the said Irwin M. Coane shall be decreed to have no right whatever as a stockholder in the

said The American Distilling Company to bring any suit or proceeding on behalf of the said The American Distilling Company against the said company and its officers and directors.

"2. That the defendant, The American Distilling Company, be required to answer therein and to discover under oath the number of shares of its stock, and the class or classes thereof, and the certificate numbers thereof, owned or held by the defendant, Irwin M. Coane."

He also asked for general relief and for order of publication giving notice to the said Irwin M. Coane in the City of New York. The order of publication was served on Coane by a deputy sheriff of New York City in the City of New York under the provisions of Code, 1939, Art 16, Sec. 149. The alleged written agreement was not filed with the bill of complaint.

An answer was filed by the American Distilling Company disclaiming all right, title and interest in the premises and alleging that Irwin M. Coane is the registered holder of 100 shares of preferred stock of the American Distilling Company and fifty shares of the common stock of the American Commercial Alcohol Corporation, which is exchangeable for a like number of shares of the American Distilling Corporation. Having answered, it asked to be dismissed with costs.

The appellee, Irwin M. Coane, appeared specially for the purpose of filing a motion to dismiss the bill of complaint against him in which he alleged that he was a non-resident of the State of Maryland, that he had recently filed a derivative suit in the State of New York involving certain officers and directors of the corporate defendant and further:

"3. There is no allegation in the Bill of Complaint that the corporate stock of the defendant corporation registered in the name of the individual defendant was sold by him to the plaintiff in this proceeding, or that this defendant is not a stockholder of said defendant corporation.

"4. That the relief prayed in the Bill of Complaint as against this individual defendant is for an adjudication that he has no right to bring any derivative suit against the officers and directors of the defendant corporation, or to prosecute such suit now pending in the courts of the State of New York, as alleged in the Bill of Complaint.

"5. That it appears from the Bill of Complaint and the prayers for relief therein set out, that as to this individual defendant this proceeding is an action *in personam* and not an action *in rem* or *quasi in rem*."

The plaintiff filed a motion in nature of motion *ne recipiatur* as to the motion of the appellee, Coane, to dismiss the bill of complaint and demurred to the motion to dismiss the bill of complaint. By decree, after hearing, upon the motion and demurrer, the chancellor decreed: "That the motion of Complainant Ortman to strike the motion of Deft. Coane and the demurrer of said Complt. Ortman to the motion of Deft. Coane, are hereby overruled, and that the Bill of Complaint be and the same is hereby dismissed as to the Deft. Coane."

An appeal is taken by Frank J. Ortman, plaintiff, to this court from that decree.

The primary question for our decision is whether this proceeding is an action *in personam* against the appellee, Coane, or an action *in rem* against the stock.

If it is an action *in personam*, the chancellor was correct in dismissing the bill of complaint as, of course, jurisdiction over a non-resident can only be acquired by service of process upon him within the State or by his voluntary appearance in person or by attorney. "Constructive service by publication or personal service of process beyond the limits of the State is not sufficient, nor does a special appearance for the purpose of objecting to the jurisdiction of the court confer upon that court jurisdiction to decree on the merits of the case. *Garner v. Garner*, 56 Md. 127; *Fisher v. Parr*, 92 Md. 245, 48 A. 621; *Gemundt v. Shipley*, 98 Md. 657, 57 A.

12; *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565; *Harkness v. Hyde*, 98 U. S. 476, 25 L. Ed. 237; 2 *Bishop, Marriage, Divorce & Sep.*, c. 3; 14 *Cyc.* 745." *McSherry v. McSherry*, 113 Md. 395, 400, 77 A. 653, 655.

Code, 1939, Art. 16, Sec. 137, provides: "If in any suit in chancery, by bill or petition, respecting, in any manner the sale, partition, conveyance or transfer of any real or personal property lying or being in this State, or to foreclose any mortgage thereon, or to enforce any contract or lien relating to the same, or concerning any use, trust or other interest therein, any or all of the defendants are non-residents, the court in which such suit is pending may order notice to be given to such non-residents, of the substance and object of such bill or petition, and warning them to appear by a day therein stated." *Evans v. Zouck*, 172 Md. 12, 190 A. 523.

Appellant contends that the stock in the case now before us lies in Maryland and has a situs to support the jurisdiction of the court here. There is no question in this case about attachment of stock or taxation of stock. However, appellant contends that, by reason of the principle stated in the case of *McQuillen v. National Cash Register Co.*, 13 F. Supp 53, affirmed in 112 F. 2d 877, and *certiorari* denied by the Supreme Court in 311 U. S. 695, 85 L. Ed. 450, this is an action *in rem*. In that case the plaintiff, McQuillen, brought a derivative action against the National Cash Register Company, a body corporate, of the State of Maryland, and certain non-resident individuals who were not served with process. The case came before Judge Coleman in United States District Court for the District of Maryland. The plaintiff endeavored, among other things, to cause the cancellation of certain stock on the books of the National Cash Register Company. The primary question before the court, to determine its jurisdiction in that case, was whether the property, being the stock, was actually within the district when the suit was brought. The part of Section 57 of the Judicial Code, 28 U. S. C., Sec.

118, 28 U. S. C. A., Sec. 118, material to the question was as follows: "When in any suit commenced in any district court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be." In that case nowhere in the bill was there found any allegation that there was any property, either of the plaintiff or of the individual defendants or of the defendant corporation, within the Maryland District except the allegation that the stock, the cancellation of which was sought had its "situs" in Maryland. The plaintiff alleged that, unless that stock was cancelled, the title to its own stock would be clouded. Judge Coleman based his decision primarily on the case of *Jellenik v. Huron Copper Mining Co.*, 177 U. S. 1, 20 S. Ct. 599, 44 L. Ed. 647, which is stressed by the appellant here. The basis of the court's finding in that case that the stock may be deemed to be in the State is expressed in the following quotation therefrom at page 13 of 177 U. S. at page 563 of 20 S. Ct.: "The certificates are only evidence of the ownership of the shares, and the interest represented by the shares is held by the company for the benefit of the true owner. As the habitation or domicile of the company is and must be in the State that created it the property represented by its certificates of stock may be deemed to be held by the company within the State whose creature it is, whenever it is sought by suit to determine who is its real owner." It was also said

in that case at pages 13 and 14 of 177 U. S., at page 564 of 20 S. Ct.: "But the bill does show that the property represented by the certificates of shares is held by a Michigan corporation, which being subject personally to the jurisdiction of the court may be required by a final decree in a suit brought under the Act of March 3d, 1875, to cancel such certificates held by persons outside of the State and regard the plaintiffs as the real owners of the property interest represented by them." *Harvey v. Harvey*, 290 F. 653. The underlying principle in these cases is that the certificate of stock being executed by the corporation and as transfers can be made only on the books of the corporation, the corporation will be looked upon as having control of the shares of stock in respect to their ownership.

The case now before us is therefore narrowed to the question: Is there any allegation or any claim in the bill of complaint involving the ownership of the stock to substantiate the claim of appellant that the stock is "lying or being" in Maryland? The bill of complaint alleges that the appellant bought each and every claim, right or assertable right, action or cause of action, or any and every right and nature which the defendant had by reason of his stock ownership or otherwise and asked that the court decree that the stock *owned or held by Coane* be impressed with a trust in favor of the plaintiff so that Coane shall have no right to bring any suit or proceeding on behalf of the corporation. (Italics inserted here.) The bill primarily alleges that Ortman bought a cause of action. He is not asking the court to settle any title as to the ownership of the stock, for in his prayer, for relief, he alleges that the stock is owned or held by Coane. What is there for the Maryland corporation in this case to do? They have answered and given the information as to the stock owned by Coane. There is no prayer that the stock be transferred on the books of the Maryland corporation to the appellant. As an authority on the point of impressing stock

with a trust, appellant stresses the case of *Amparo Mining Co. v. Fidelity Trust Co.*, 75 N. J. Eq. 555, 73 A. 249. In that case the complainant was a New Jersey corporation and the defendant a corporation of the State of Pennsylvania, where it had its office and conducted its business. The purpose of the bill was to get title to 549,504 shares of the capital stock of the Amparo Mining Company, which the defendant, Fidelity Trust Company, executor and trustee for Paxson, claimed to own absolutely. The allegation of the bill was that the defendant held the stock in question, acquired by the defendant's testator under circumstances which made its sole interest in it security for the sum of $40,000 which the testator, Paxson, had advanced in acquiring the stock. They also alleged that the stock was the property of the complainant, subject only to the repayment of the advance of the $40,000 which had been made by defendant's testator. A plea to the jurisdiction was filed by the Pennsylvania corporation, which refused to appear personally, and claimed that the New Jersey court had no jurisdiction. The New Jersey court, in sustaining its jurisdiction, cited the case of *Jellenik v. Huron Copper Mining Co., supra,* and particularly the quotation therefrom hereinbefore set forth. In reference to the Jellenik, case, the New Jersey court said at page 557 of 75 N. J. Eq., at page 250 of 73 A.: "The point actually decided was that the court had jurisdiction where the question involved was the title to the stock of a corporation domiciled within the district. That is exactly the present case. If the allegations of the bill are true—and they must be taken as true for the purpose of determining the validity of the plea—the precise question involved is whether Paxson's executor holds the stock of a New Jersey corporation in trust for the complainant." Quoting further from *Amparo Mining Co. v. Fidelity Trust Co., supra,* 75 N. J. Eq. at pages 558 and 559, 73 A. at page 251, the New Jersey court said: "A complete and effectual transfer of the stock can only be

had upon the books of the corporation in New Jersey. In view of the control of New Jersey courts over our corporations, and especially of the necessity of that control being made effectual in case of a winding up, it is, we think, quite as important that the title to the shares should be determined by our courts as that the title to real estate in New Jersey should be so determined." In the instant case from the allegations of the bill, there is no necessity of any transfer of the stock on the books of the Maryland corporation. We must therefore conclude that, as we are not called upon to determine who is the real owner of the stock, for the purpose of this action the situs of the stock cannot be concluded to be in Maryland to support an action *in rem*, and therefore this is an action *in personam* against the appellee, Coane.

Appellant also questions the right and power of the appellee, Coane, to appear specially to ask the court to dismiss the bill as to him. By a special appearance, the party appears solely for the purpose of objecting to the jurisdiction of the court. *Miller's Equity Procedure,* Sec. 117, pp. 148 and 149. Judge Dobie said in the case of *McQuillen v. National Cash Register Co., supra,* 112 F. 2d at page 881: "Appellants particularly objected to the ruling of the trial judge that the appearance of the appellees for the purpose of this motion amounted only to a special appearance and did not constitute in fact or in law a general appearance which would subject the moving appellees to jurisdiction on the part of the court against them *in personam.* Here, again, we agree with the ruling of Judge Coleman."

The procedure of filing a motion to dismiss on the question of jurisdiction was before this court in the case of *Evans v. Zouck, supra.* In the instant case the motion was simply an application to the court, on his appearance entered specially, to dismiss him on the grounds of lack of jurisdiction.

For the reasons hereinbefore given, the decree must be affirmed.

*Decree affirmed, with costs.*