EASTHAM *v.* YOUNG

[No. 300, September Term, 1967.]

*Decided July 3, 1968.*

*Motion for rehearing or in alternative to amend mandate filed July 18, 1968. Motion for rehearing denied and mandate amended July 29, 1968.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*Karl G. Feissner,* with whom was *William L. Kaplan* on the brief, for appellant.

Submitted on brief by *Herbert D. Morrison* and *Samuel M. Ivrey* for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

Mrs. Eastham, a resident of Montgomery County, complains that she can not be sued in Anne Arundel County, as the trial court held she could be, to compel specific performance of a contract for the sale of real estate she owned in Anne Arundel County, and furniture and garden and boating equipment thereon, and asks us to free her from the toils of the Circuit Court for Anne Arundel County.

Reversal is sought on two theories. Mrs. Eastham says that a suit to compel specific performance of a contract to convey real estate is properly brought against a sole defendant only in the county of his residence and that she timely objected to venue in Anne Arundel County. Judge Sachse held that Code

(1966 Repl. Vol.), Art. 16, § 100, gave the Anne Arundel County Court power to act under its provision that a resident of another county can be sued in the county where the land lies if, inter alia, the suit is "to enforce any charge or lien" on the land.[1] The chancellor, having decided that Mrs. Eastham had waived venue, did not have to decide the point for the Circuit Court for Anne Arundel County had basic jurisdiction of the subject matter and acquired jurisdiction of the person of Mrs. Eastham when she made a voluntary general appearance.

If we had to decide the point we would incline to the view that an ordinary suit for specific performance against a sole defendant must be brought in the county wherein that defendant resides, rather than in the county where the land lies if it lies in a different county.

Ordinarily one is entitled to be sued only in the county of his residence, in equity or in law, *Pinkston Tr. v. Higham,* 224 Md. 513, 518. ("The rules as to the place where a defendant may be sued applicable at law (Code (1957), Art. 75, § 75) are also generally applicable in equity.") This Court held in *Dorsey v. Omo,* 93 Md. 74, 83, that a bill to compel performance of a contract to assign a mortgage was not authorized to be brought against a sole defendant in the county where the mortgaged land lay under § 100 (then 72) of Art. 16, but must be brought in the county where the sole defendant lived. The opinion spoke of jurisdiction and lack of jurisdiction but it is apparent that territorial jurisdiction or venue was involved and not fundamental or basic jurisdiction of the subject matter. The Court said:

> "Now in none of this legislation is there an intimation that a bill for the specific performance of a contract could be filed *out* of the county where the sole defendant resided and *in* the county where the land is located, simply because the subject-matter of the contract

---

1. Other instances permitting such suit under § 100 are defendants who reside in different jurisdictions, lands partly in one and partly in another jurisdiction, suits for partition, and proceedings to foreclose or collect mortgages.

was a *lien* on the land situated beyond the limits of the county where the defendant lived. Under *sec. 76* [now § 104] it is clear that the Circuit Court for Howard County [county of defendant's residence] would have had jurisdiction to entertain this bill and to decree specific performance of the contract set up and relied on therein; and as there is no proceeding here for partition, for foreclosure, for a sale under a mortgage or for the enforcement of a lien or charge on land *sec. 72* [now § 100] does not give either exclusive or concurrent jurisdiction to the Circuit Court for Prince George's County [location of the land]. Having no jurisdiction over the person of the defendant because the case does not belong to any of the classes where jurisdiction is given though the defendant does not reside in the county where the bill is filed, the Circuit Court for Prince George's County had no authority to pass the decree requiring the mortgagee, Alverda S. Dorsey, to perform the contract * * *."

That generally an equity court which has jurisdiction over the person of a defendant may compel him to convey land in another jurisdiction is established by *Donigan v. Donigan,* 208 Md. 511, 522, and the authorities therein set forth at some length. *See also* 27 Am. Jur. 2d *Equity* § 17 (1966) and § 104 of Art. 16 of the Code (1966 Repl. Vol.).

In *Evans v. Zouck,* 172 Md. 12, 14, Judge Offutt for the Court said:

"The territorial jurisdiction of a court of chancery, unless enlarged by statute, is limited to the area within which its process is effective (21 C. J. 149), so that 'no jurisdiction whatever exists unless the parties to be affected are by service of process or voluntary appearance within the jurisdiction and subject to the control of the court, or the *res* is within the jurisdiction.' * * * That principle, no doubt, underlay the decision in *Dorsey v. Omo,* 93 Md. 74, 80 * * *, that a resident of one county is not within the jurisdiction of the courts of another county."

*See· also Pinkston Tr. v. Higham,* supra, 224 Md. 513, 519, where we said : ·

> "It is apparent, we think, that Mr. Pinkston was sued in the proper county under those rules [referring to Code (1957), Art. 75 § 75, applicable in equity as well as at law, *Evans v. Zouck,* 172 Md. 12, 16, and *Zouck v. Zouck,* 204 Md. 285, 291] ; but even if he had not been, his voluntary appearance would have cured such a defect, and there is no question as to such appearance both through his answer and his cross-bill long before he sought to attack the jurisdiction of the Circuit Court for Montgomery County. * * * See *Dorsey v. Omo* .* * * and comment thereon in *Evans v. Zouck, supra* * * *.
>
> "We hold that the Circuit Court for Montgomery County had jurisdiction over this suit * * *."

Although the Circuit Court for Anne Arundel County may not have been able to compel Mrs. Eastham's appearance before it in Young's suit against her, she waived objection to that court's territorial jurisdiction or venue and could not, after that waiver successfully challenge the court's right to proceed with the case and determine the merits. The authorities hold that the Code provisions exempting one from suit out of the county of his residence confers upon him a privilege which he waives by appearing in another county without timely objecting to venue. *Colt Co. v. Wright,* 162 Md. 387 ; *Ireton v. Baltimore,* 61 Md. 432; *Kisner v. State,* 209 Md. 524, 534; *Fisher, Admrx. v. DeMarr,* 226 Md. 509, 515-18; *McCormick v. Church,* 219 Md. 422 ; *Pinkston Tr. v. Higham, supra.*

The chronology was this. On July 25, 1967, the buyer Young filed suit against Mrs. Eastham for specific performance and for $3,000 for out-of-pocket costs or, alternately, $10,000 damages; and for a preliminary injunction to restrain the removal or damaging of the personal property sold. The bill alleged that the seller· "has removed or allowed to be removed from the premises described certain of its furniture and furnishings which were to be included in the sale * * *," and that Mrs.

Eastham had refused to honor the contract. An affidavit of Young filed on August 7 supported the allegations of the bill and alleged that unless an injunction were granted in his opinion, "immediate substantial and irreparable injury will result before any adversary hearing can be held * * *."

On August 9 the court granted a preliminary injunction to run for ten days against the damaging or removing of the personal property. On August 18 Mrs. Eastham moved the court to vacate the "Ex Parte Injunction issued without notice" on the grounds that:

> "1. The pleas filed herein raising the question of venue of this Court are valid, and would result in this action being dismissed.
>
> "2. The Court should not have granted the Ex Parte Injunction in that no affidavit gave 'specific facts' of what immediate, substantial and irreparable injury would result.
>
> "3. The Court made no effort to communicate with Defendant nor Defendant's Counsel, although said Counsel had been in touch with Counsel for Plaintiff.
>
> "4. Plaintiff's action is one for damages."

On August 21, three days after the motion to vacate had been filed, Mrs. Eastham filed the pleading erroneously referred to in paragraph one of the motion to vacate as already filed. It was titled "Motion Raising Preliminary Objection," and read:

> "COMES NOW the Defendant and moves the Court to dismiss this action in that the Defendant is sued out of the County in which she resides."

Supporting this pleading were an affidavit of Mrs. Eastham that:

> "Gladys D. Eastham, being first duly sworn, states that she is a resident of Montgomery County, Maryland, and that such vocation as she has is carried on solely in Montgomery County, Maryland, and none other,"

and Rule 323, Maryland Rules of Procedure, and Code, Art. 75, § 75 (as "points and authorities").

On August 22 Young filed a motion for an interlocutory injunction incorporating by reference his earlier motion for a preliminary injunction and his affidavit in support thereof, and reiterating his allegation as to irreparable damage.

On September 1 a hearing was had, at which Mrs. Eastham's lawyer appeared and argued her contentions, and on September 7 the court issued an order enjoining Mrs. Eastham as Young had prayed, denying her preliminary objections and granting leave to file an answer to the bill within twenty days.

Mrs. Eastham appealed from the order of September 7, and filed a combined demurrer and answer, all on September 26. The answer set up the defenses that there had been no meeting of the minds of the parties, and that there was duress and lack of certainty in the contract and improper joinder of equitable and legal claims.

We conclude that on this state of the record there was a waiver of the defense of improper venue. Maryland Rule 124 a 1 provides that an appearance may be made by filing a pleading, and section c provides that the filing of a motion raising a preliminary objection will be treated as an appearance for the limited purpose for which the motion is filed. Rule 323 provides that at the option of the pleader the defense of improper venue may be made by motion which "shall be filed before any other pleading on behalf of the party making the motion * * *." We said in *Mangione v. Braverman*, 234 Md. 357, 362: "The question of venue should be raised by preliminary motion, Md. Rule 323 a or by dilatory plea * * *." We held in *McCormick v. Church*, 219 Md. 422, that if a defense available under Rule 323 is asserted as part of a pleading which goes to the merits, there has been a general appearance which constitutes a waiver of the preliminary objection, and at pages 428-29 said:

> "But the other defenses raised by that portion of the motion which sought to strike the declaration clearly went to the merits, and were in the nature of special pleas, which were improperly joined in the motion to quash. In *Glenn v. Williams*, 60 Md. 93, 124, it was

said that a plea in abatement cannot be joined with a plea in bar, and if such is done the latter will take precedence. * * * Rule 323 contemplates that no pleading (including a motion) shall be filed before a motion under that Rule. We have held that even if it be shown that a person was not properly summoned, such right may be voluntarily waived, and that upon the filing of a general issue plea, no further action is necessary in reference to a writ of summons. * * *

"* * * [Thereafter, referring to Md. Rule 124 c, the Court continued:] In *Keen v. Keen*, 191 Md. 31, 41, we recognize that a special appearance may be filed for the purpose of questioning the jurisdiction of the court, or if it be desired to quash summons or other proceedings, but we said: 'if an appearance, no matter how characterized, is in effect a general appearance, it will have the result of binding the party appearing in subsequent proceedings in this case.' In the instant case the assertion of defenses on the merits, in the motion to strike the declaration, was an invocation of the jurisdiction of the court, even though, procedurally, it was improperly coupled with the motion to quash. We think the filing of the motion operated as a general appearance and constituted a waiver of the preliminary objection. A person who denies that a court has jurisdiction and asks relief on that ground cannot ask anything of the court which is inconsistent with the want of such jurisdiction. * * * The cases cited in a note, 111 A. L. R. 925, 929, support the statement that 'It is generally held that moving to strike a pleading from the files is asking for such relief that it operates as a waiver of any objections to the court's lack of jurisdiction.' See also note 31 A. L. R. 2d 262, and 3 Am. Jur. *Appearances*, § 19, p. 793, and supplement."

*See also, Capron v. Mandel*, 250 Md. 255, 241 A. 2d 892 (1968).

In the case before us Mrs. Eastham concededly intended to

proceed under Rules 124 c and 323. Had she filed her "motion raising preliminary objection" before she filed any other pleading, her appearance would have been only for the limited purpose of challenging venue. However, she filed that motion three days after she filed her motion to vacate the injunction and in the first motion she raised defenses on the merits, such as lack of facts to support the granting of the injunction and that the action is one for damages, which are inappropriate unless made on the premise that the court has power to act in the case before it. In our view, Mrs. Eastham's first pleading did not restrict her appearance to raising the limited question of venue (to which she referred generally) but, rather, to the merits and, therefore, she waived her right to object to venue later, under the rules and cases cited above.

We think the injunction should not have been issued. The only allegation of fact is that certain personal property had been removed. As to the future, the only allegation is that in the opinion of the buyer there will be irreparable injury in regard to the personal property if the injunction is not issued. There was no allegation that the personal property remaining was unique or irreparable or that its value in money could not be measured or recovered by the buyer if she were found entitled to it.

In remanding the case for trial we do not give any indication as to whether the chancellor should or should not order specific performance of the contract.

The appellee moved to dismiss the appeal because the answer of the appellant to the bill had not been filed before the appeal was entered, as Code (1968 Repl. Vol.), Art. 5, § 7, requires. The appellant's demurrer and answer and her appeal were filed together on September 26, and the demurrer and answer are part of the record before us. We think that the requirements of the statute were sufficiently gratified.

> *Order appealed from affirmed, and*
> *case remanded, costs to abide the*
> *final result.*