ALCARESE *v.* STINGER ET AL.

[No. 88, October Term, 1950.]

*Decided February 9, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Henry M. Decker, Jr.*, with whom were *Archer & Day* on the brief, for the appellant.

*B. Conway Taylor, Jr.*, with whom were *W. Hamilton Whiteford* and *Due, Nickerson & Whiteford* on the brief, for the appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from an order granting appellee's motion to dismiss, and dismissing with costs, the tort action instituted in Harford County, Maryland, by John Alcarese, appellant, against the appellees, Philip Stinger and John H. McKee, and two other persons, all defendants being non-residents of Maryland.

This suit was instituted by appellant to recover for personal injuries received in a motor vehicle collision which occurred in Cecil County, Maryland, on or about July 2, 1946. Service of process was made upon the non-resident owners and operators. on or about June 24, 1949, under the provisions of Article 66½, Section 106—Civil Liability—1947 Supplement of the Code. The motion to dismiss alleged that the action was improperly brought in Harford County as that court lacked jurisdiction. It was also alleged that venue in the case was confined either to Cecil County "where the accident happened, under the provisions of Section 157 of Article 75 or to Anne Arundel County, the locale of the Secretary of State through whom service of process was admitted." From an order of the Circuit Court for Harford County granting the motion and dismissing the proceedings with costs, the appellant appeals.

The pertinent parts of Article 66½, Section 106, *supra,* follow:

"106. (Service of Process Upon Non-Resident Owners or Operators.) The acceptance by a non-resident individual, firm, or corporation of the rights and privileges of using the roads and highways of Maryland, as evidenced by his, their, or its operation of a motor vehicle on any of the public highways within the limits of this State, shall be deemed equivalent to an appointment by such non-resident individual, firm or corporation of the Secretary of State, or his successor in office, to be his, their or its true and lawful attorney upon whom may be served all lawful processes in any action or proceeding instituted, filed or pending against him, them or it, growing out of any accident or collision in which said

non-resident may be involved, while operating or causing to be operated, a motor vehicle on such public highway and said acceptance of the rights and privileges of using said highways or the operation of said motor vehicle by said non-resident individual, firm or corporation within this State, shall be a signification of his, their or its agreement that such process be of the same legal force and validity (except as hereinafter provided) as if served on him, them or it personally.

"(a) (Service of Process Defendant Notified by Registered Mail.) Service of such persons shall be made by leaving a copy of the process with a fee of $2.00 in the hands of the Secretary of State or in his office, and such service shall be sufficient service upon the said non-resident individual, firm or corporation, and of full force and effect in any court and before any Justice of the Peace or Trial Magistrate of this State; provided that notice of such service and a copy of the declaration, cause of action or titling shall forthwith be sent by registered mail by the plaintiff or his attorney to the defendant and the defendant's return receipt and the plaintiff's or his attorney's affidavit of compliance herewith shall be filed with the Clerk of the Court or before the Justice of the Peace or Trial Magistrate in which the said proceedings are pending."

It is admitted by all parties in this case, and we so find, that there are no venue provisions as such in Article 66½, Section 106, *supra*. The appellee contends that in the absence of specific provisions in that statute covering venue the normal rules as to venue as set forth in the venue statute of the State, Code 1947 Supplement, Article 75, Section 157, governs. That Section provides:

"No person shall be sued out of the county in which he resides until the sheriff or coroner of the county in which he resides shall have returned a non est on a summons issued in such county; provided, that nothing herein contained shall apply to any person who shall abscond from justice in the county where he lives, but such person may be sued in any county where he may be found;

and provided further, that any person who resides in one county but carries on any regular business, or habitually engages in any avocation or employment in another county, may be sued in either county, whether before a justice of the peace or in a court of law or equity; this section not to apply to ejectment, dower, replevin, scire facias on judgment or decree, nor to heirs, devisees or terre-tenants, against whom process may be issued to another county.

"In any action ex delicto in which all of the defendants are not residents of, nor carrying on regular business in, nor habitually engaged in any avocation or employment in one county, the plaintiff may, at his election, sue all said defendants in the county where the cause of action arose. As used in this section the term 'county' includes 'Baltimore City'."

In the case of *Employers' Liability Assurance Corp. v. Perkins*, 169 Md. 269, 181 A. 436, 440, the accident happened in Maryland outside of Baltimore City, and suit was filed against the non-resident defendant in the Court of Common Pleas of Baltimore City. In that case, decided November 21, 1935, this Court held the Act providing for service upon non-resident owners and operators, then "Code, art. 56, § 190A, with amendments by chapter 70 of Acts of 1931, and chapter 288 of Acts of 1933," now Code, 1947 Supplement, Article 66½, Section 106, *supra*, constitutional and valid. The only amendments made to that Act since Chapter 288 of the Acts of 1933 are not pertinent to the issues now before this Court. Therefore, the constitutionality of the Act here in question has been previously decided. The question as to whether the suit should have been brought in the county where the accident happened or in the jurisdiction of the residence of the Secretary of State was not raised in that case.

The appellees base their contention that the suit should have been brought in Cecil County, where the accident happened, on the last paragraph of Article 75, Section 157, *supra*. It is plain that that section has no applica-

tion to suits brought against non-residents under Article 66½, Section 106, *supra*. It was made to apply only to actions against residents of Maryland or non-residents "carrying on regular business" or "habitually engaged in any avocation or employment in one county" within this State. It was merely an arbitrary designation by the legislature of the county in which suit might be brought at the plaintiff's election under such applicable situations.

On account of statutory differences in the various states there is quite a difference in the decisions. The following quotation from Blashfield in his Encyclopedia of Automobile Law and Practice, Volume 9, Part 1, Permanent Edition, Section 5817, Pages 49-50, is apt here:

"Statutes governing the venue of actions against non-residents contain a variety of provisions giving rise to different and often conflicting decisions. In probably a majority of jurisdictions the resident plaintiff is allowed more or less latitude in selecting the county in which the action is to be brought. Indeed, under some statutes, the action may be instituted in any county of the state, and such statutes have been held valid. Other venue statutes, however, have been successfully attacked on constitutional or technical grounds.

"In some jurisdictions an action against a non-resident is required to be brought in the county of the plaintiff's residence, or at least is permitted there. In other jurisdictions the action cannot be brought in that county, but may or must be instituted in the county where the accident occurred, or where the secretary of state or other official performs his duties as the non-resident defendant's statutory agent for the service of process."

We have been referred by the appellant to two cases under the statutes of other states, different from the Maryland statutes, which seem to hold that suits against non-residents in tort actions might properly be filed at the residence of the Secretary of State. In *Bergstedt v. Neff*, D. C. La., 17 F. Supp. 753, the Louisiana statute, Act No. 86 of 1928, as amended by Act No. 184 of

1932, authorized civil process against non-resident motorists involved in Louisiana accidents but contained no provision as to venue of actions thereunder. It was there held that the presumption arose that it was intended to allow other provisions of state law to govern. There was a Louisiana statute, Code Prac. art. 165, which provided that in all cases where any person, firm or corporation committed a trespass or did anything for which an action for damages lies, such person, firm or corporation could be sued in the parish where such damage is done or trespass is committed or at the domicile of such person, firm or corporation. It was held in that case as the defendants were not shown to be domiciled in Louisiana, the only other place at which they could be sued under the state law was the parish where the Secretary of State, who was made the statutory agent for services of process, performs his office or duties or the parish where the alleged injuries or damage occurred. In *Bouchillon v. Jordan*, D. C. Miss., 40 F. Supp. 354, the Mississippi statute provided for service upon the Secretary of State as agent of any non-resident motorist who caused an injury in the state while using its highways. Laws 1938, c. 148, § 11, as amended by Laws 1938, c. 345. The accident occurred in a county in Mississippi and the plaintiff relied upon the Mississippi statute providing for service upon the Secretary of State as agent for the non-resident motorist. The court in that case held that the suit should have been filed in the circuit court of the county wherein the Secretary of State was a resident and the circuit court of the county in which the accident occurred could not acquire territorial jurisdiction of non-resident defendant under the statute. Other cases, relied on by the appellees, are not helpful for the reason that the statutes for each state are different and therefore the cases turn on problems different from those before us in this case. For instance, in the case of *Williams v. Meredith*, 326 Pa. 570, 192 A. 924, 115 A. L. R. 890, heavily relied on by the appellees, it was held that the statute providing for

service of process on Secretary of Revenue in an action against a non-resident arising out of an automobile accident in that state must be construed with the statute of that state which provided that all actions for damages arising from use of a vehicle may be brought in the county where the alleged damages were sustained. 75 P. S. Pa. §§ 738, 1201.

In *Carroll v. Matthews,* 172 Tenn. 590, 113 S. W. 2d 742, the Tennessee Code, § 8671, provided that notice to the Secretary of State shall have the force and validity of personal service on the non-resident as if he were in the jurisdiction of the state and county of action. The Tennessee court held in that case that that statute did not indicate a purpose to fix the venue at the residence of the Secretary of State, nor, construed with other statutes of that state governing venue, let the complaining party select any one of the several counties of the state as the *situs* of the trial, but that the action must be brought in the county of plaintiff's residence. See also *Carter v. Schackne,* 173 Tenn. 44, 114 S. W. 2nd 787. The case of *Lloyd Adams, Inc., v. Liberty Mutual Ins. Co.,* 190 Ga. 633, 10 S. E. 2nd 46 was brought under the Georgia statute, Laws 1937, p. 732, authorizing an action arising out of the operation of an automobile, against a non-resident using the public highways of the state, where service of process was made upon the Secretary of State. The Georgia statute also provided: "All courts in the counties of this State now having jurisdiction of tort actions and criminal actions, shall have jurisdiction of all such non-resident users in actions arising under this Act." Section 3. The Georgia court there held that the statute did not require action against non-resident motorists to be brought in the county of the official residence of the Secretary of State, but permitted the action to be brought in any county of Georgia. Some states, under general venue statutes, appear to specifically give the plaintiffs in automobile accidents a selection of any county in the state in which to bring the action when all parties are non-residents.

In *Highway Steel & Mfg. Co. v. Kincannon,* 198 Ark. 134, 127 S. W. 2d 816, an action was brought against a non-resident corporation for damages and injuries allegedly received through the negligent operation of a motor vehicle on 'the public highways of Arkansas. The Arkansas act authorized service of process on non-resident motorists by service on the Secretary of State. Acts 1933, p. 110. The court there held that the action was transitory and could be brought in any of the courts of that state on service obtained on the Secretary of State. An appeal from that case to the United States Supreme Court was dismissed for want of a substantial Federal question in, *Highway Steel & Mfg. Co. v. Crawford County Circuit Court,* 308 U. S. 504, 60 S. Ct. 88, 84 L. Ed. 431, and petition for rehearing was denied in 308 U. S. 635, 60 S. Ct. 134, 84 L. Ed. 528. The Arkansas court held the act constitutional, based on a prior decision in *Kelso v. Bush,* 191 Ark. 1044, 89 S. W. 2nd 594.

In the 1936-1937 Volume 1, Page 222, of the Maryland Law Review appears an article by James Morfit Mullen, Esq., of the Baltimore City Bar, on "Jurisdiction Over Non-Resident Motorists For Suits Arising From Local Accidents". He says: "The Maryland law makes no provision as to the venue of suits filed under its provisions, and in the absence of such a provision it is submitted that a person suing in Maryland for an accident in this state, involving a non-resident motor vehicle owner, may proceed in any court in the state which he may see fit to select. Certainly, this has been the practice in proceeding under the Maryland statute."

There being no venue provisions as such in Article 66½, Section 106, *supra,* and the general venue statutes of this State not restricting venue of such an action against non-residents, venue in the case at bar must be governed by the common law. Of course, at common law a plaintiff could bring a transitory action in any county which he might select. Alexander's British Statutes, Coe's Edition, Volume 2, Page 659. An action in tort

being a transitory action at common law could be brought in any county which the plaintiff elects. *Lloyd Adams Inc. v. Liberty Mutual Ins. Co., supra,* Page 49. We are therefore of the opinion that this action could have been brought in any county in this State and that the order dismissing the case must be reversed.

In filing the petition of the appellees to dismiss, apparently the attorneys did not appear specially. Both sides in this case however admit that the appearance was treated as a special one to challenge the venue. Of course, a general appearance submits the appellees to the jurisdiction of the Harford County Court. *Keen v. Keen,* 191 Md. 31, 41, 42, 60 A. 2d 200; *Ortman v. Coane,* 181 Md. 596, 599, 31 A. 2d 320, 145 A. L. R. 1388. As we hold that the Harford County Court has jurisdiction it is not necessary that we pass upon that question.

*Order reversed, with costs.*